BRUCE A. KILDAY, S.B. #66415
  Email: bkilday@akk-law.com
KRISTIN A. BLOCHER, S.B. #283730
  Email: kblocher@akk-law.com
**ANGELO, KILDAY & KILDUFF, LLP**
Attorneys at Law
601 University Avenue, Suite 150
Sacramento, CA  95825
Telephone: (916) 564-6100
Telecopier: (916) 564-6263

Attorneys for Defendant CITY OF MARYSVILLE

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIGITTE RAELYNN BUTCHER, et al., | Case No.: 2:18-cv-02765-JAM-CKD |
| Plaintiffs, | **MEMORANDUN OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CITY OF MARYSVILLE'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT** |
| vs. | |
| CITY OF MARYSVILLE, et al. | |
| Defendants. | DATE:  January 22, 2019<br>TIME:  1:30 P.M.<br>DEPT:  6, 14th Floor |

Defendant CITY OF MARYSVILLE submit the following memorandum of points and authorities in support of their Fed. R. Civ. P. 12(b)(6) Motion to Dismiss Plaintiffs' Complaint (ECF No. 1).

## I. INTRODUCTION

Plaintiffs' Complaint identifies seventeen causes of action against Defendant City of Marysville (hereinafter "City") for actions allegedly taken by the City of Marysville and its agents and conspirators, at unspecific "different times" apparently from February 2016 until January 2017, and during County Code Enforcement events in September and October 2016. As to the one detailed event, Plaintiffs acknowledge that Defendants Yuba County, Yuba County Code Enforcement, and H&H Trenching were most directly responsible for the alleged physical destruction of Plaintiffs' property, but claims the City instigated, authorized, assisted, and conspired in destruction of the encampments. Complaint at ¶ 20.

Counsel for the City contacted Plaintiff's attorney on October 30, 2018 to advise of the City's intent to file a Motion to Dismiss the instant lawsuit and to schedule a telephone call to meet and confer in compliance with Judge Mendez's Order Regarding Filing Requirements (Dkt. #3-2). Declaration of Kristin A. Blocher in Support of Defendant City's Motion to Dismiss ("Blocher Decl.") at ¶ 2. When Plaintiff's attorney responded the next morning summarily stating that he was out of town and unavailable until November 7, 2018, City's counsel responded, outlining the bases for the City's Motion in an effort to narrow issues before their presentation to the Court. *Id.* at ¶¶ 3-4. Plaintiff's counsel did not respond. *Id.* at ¶ 5.

## II. SUMMARY OF COMPLAINT

The Complaint, filed by thirteen Plaintiffs, alleges seventeen counts stemming from "different" flooding episodes between February 2016 until January 2017, and during County Code Enforcement events in September and October 2016. Plaintiffs generally allege Defendants seized and destroyed their property without notice or due process, despite the inclusion of facts showing that notice was given or the property was removed under exigent circumstances.

## III. ARGUMENT

///

**A.   PLAINTIFFS' FEDERAL CLAIMS SHOULD BE DISMISSED FOR FAILURE TO STATE A PLAUSIBLE CLAIM PURSUANT TO FEDERAL RULE 12(B)(6).**

### 1.   Legal Standards for Motion to Dismiss Pursuant to Rule 12(b)(6).

Dismissal is proper under Federal Rule of Civil Procedure 12(b)(6) when there is either a lack of a cognizable legal theory, lack of sufficient facts alleged under a cognizable legal theory, or when the facts alleged in the Complaint give rise to an absolute defense or bar recovery. *United States v. S. Cal. Edison Co.*, 300 F.Supp.2d 964, 970-71 (E.D. Cal. 2004) (citations omitted). "[A] plaintiff's obligation to provide grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

To survive a motion to dismiss, a complaint must "contain sufficient factual matter accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) quoting *Bell Atl. Corp,* 550 U.S. at 570. "A claim has facial plausibility . . . when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 quoting *Bell Atl. Corp,* 550 U.S. at 556. Pleadings that are no more than conclusions are not entitled to an assumption of truth. *Id.* at 1950. Although legal conclusions "can provide the framework of a complaint, they must be supported by factual allegations." *Id.* A court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

### 2.   Plaintiffs Fail to Show the Existence of an Agreement To Commit A Wrongful Act to Support a Claim for Conspiracy.

"Conspiracy is not a cause of action but rather a legal doctrine that imposes liability on persons who, although not committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration." *Cisco Systems, Inc. v. STMicroelectronics, Inc.,* 77 F.Supp.3d 887, 894*;* citing *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal.4th 503, 510-511 (1994). Under both federal law and California law, pleading conspiracy requires that

the basic elements of conspiracy be included in the pleading. *Wasco Prod's, Inc. v. Southwall Technologies, Inc.*, 435 F.3d 989, 990 (9th Cir. 2006). To state a cause of action for conspiracy, a plaintiff must plead three elements: (1) the formation and operation of the conspiracy, (2) the wrongful act or acts done pursuant thereto, and (3) the damage resulting from such act or acts. *Id.* at 999. To show the formation of a conspiracy, a plaintiff must show: (1) knowledge of wrongful activity, (2) agreement to join in the wrongful activity, and (3) intent to aid in the wrongful activity. *Craigslist, Inc. v. 3Taps Inc.*, 942 F.Supp.2d 962, 981 (N.D. Cal. 2013). Actual knowledge of a planned tort, without more, is insufficient to serve as the basis for a conspiracy claim. *Sebastian Intern. v. Russolillo*, 162 F.Supp.2d 1198, 1207. Knowledge of the planned tort must be combined with intent to aid in its commission. *Id.* Furthermore, "an entity that engages in legitimate business with a party that is acting tortuously cannot be deemed a co-conspirator, absent clear evidence of an agreement to join in the tortious conduct." *Id.*

Additionally, under California law, the Court presumes attorneys and judges obey all laws, particularly the state and federal constitutions, which they are sworn to uphold. *Wolfgram v. Wells Fargo Bank* 53 Cal.App.4th 43, 60 (1997); citing Evid. Code. § 664 [presumption that official duty "regularly performed"] and Civ. Code § 3548 ["law has been obeyed"].

Plaintiffs allege a conspiracy to interfere with civil rights under 43 U.S.C. 1985(3) which extends to the equal protection of a class of a class of persons. See Complaint at p. 32. However, homelessness is not a protected condition or status. *Woods v. City of Los Angeles*, 2017 WL 5634105 (C.D. Cal. 2017).

Neither are the required elements pled nor do the facts alleged support the existence of a conspiracy between the City and any other Defendant in the instant case.[1] Plaintiffs fail to show the existence of any wrongful action. Plaintiffs identify two primary facts to support the existence of a conspiracy between the City of Marysville and other Defendants alleged to have been more directly involved. Complaint at ¶¶ 19-22, 26, 32. First, Plaintiffs allege the

---

[1] In the event this Court finds Plaintiff's Claim adequately apprised the City that Plaintiff sought liability on the basis of a conspiracy with the County, *infra*, there is still insufficient evidence to support the existence of a conspiracy.

1  Marysville City Council adopted a "13-Step Plan" on March 15, 2016 that would expel homeless
2  from encampments on City-owned property outside the city limits based on trespass law. *Id.* at
3  ¶¶ 21-22, 32.  Plaintiffs allege the Plan showed a "wrongful common design and interest" in
4  destroying one of the encampments. *Id.* at ¶ 32.  Plaintiffs do not state the facts to show how the
5  Plan was wrongful and how the City was aware of its wrongful nature.  Second, Plaintiffs
6  identify a letter dated October 12, 2016, written by City Attorney Brant Bordsen giving
7  permission for County Code Enforcement to inspect a property owned by the City and generally
8  permitting the County to take "appropriate action deemed necessary."  Complaint at ¶¶ 26, 32.
9  The word "appropriate" cannot reasonably be interpreted to imply illicit or wrongful conduct.
10 Thus the letter's generic statement does not show an agreement to participate in a specific tort,
11 constitutional violation, or other defined wrongdoing.  Other facts alleged likewise fail to show
12 an agreement to commit an act known to be unlawful.

13 Even if this Court finds the existence of an agreement between the City and other
14 Defendants, the exercise of County Code Enforcement was not unlawful.

### 3. Plaintiffs Fail to Allege Facts To Support an Eighth Amendment Claim as They Were Neither Convicted Of Nor Punished for Any Crime.

17 The Eighth Amendment of the Constitution grants individuals convicted of a crime the
18 right to be free of cruel and unusual punishment. *Ingraham v. Wright* 430 U.S. 651, 664 (1977).
19 Within the meaning of the Eighth Amendment, "cruel and unusual punishment" deals with a
20 criminal punishment. *Id.* at 666-667.  It prohibits the infliction of cruel and unusual punishment
21 in three ways: it limits the type of punishment that can be imposed on those convicted of crimes;
22 it proscribes punishment grossly disproportionate to the severity of the crime; and it imposes
23 substantive limits on what can be made criminal. *Id* at 667.  Additionally, as previously stated,
24 homelessness is not a protected condition or status.

25 The Complaint does not state any facts to support a conclusion that that any Plaintiff was
26 charged criminally, convicted of a crime, or detained in connection with the alleged clean-ups,
27 much less that this was done by the City.  See Complaint generally.  Therefore, Plaintiffs fail to
28 demonstrate the existence of an injury or real and immediate threat of future injury to have

1  standing.  Plaintiffs do not allege facts to show they were charged or convicted of any crime.
2  Additionally, Plaintiffs' conclusory claims of possessing a homeless "status" are unsupported by
3  facts; case law is clear that even if a court were to identify homelessness as a protected status, it
4  would not extend protection to actions attributed to that status.  Therefore, Plaintiffs fail to show
5  a violation of the Eighth Amendment.

**4.  Any Seizure of Plaintiffs' Belongings Was Not Unreasonable Because Probable Cause, and in Some Cases Exigent Circumstances, Existed.**

The Fourth Amendment protects against unreasonable seizures of property. Seizures of property without a warrant may be permitted where there is probable cause to believe a violation of law exists. *See, i.e. U.S. v. Cosme*, 796 F.3d 226, 233 (2015).  Additionally, warrantless seizure of property can be valid if the exigencies of the circumstances demand it. *Allen v. County of Lake*, 71 F.Supp.3d 1044 (N.D. Cal. 2014).

Plaintiffs were unlawfully camping on public property owned by the City or Yuba County.  *See* Request for Judicial Notice "RJN" Exhibits A and B.  The City ordinance specifically states it shall be unlawful for any person to camp, occupy camp facilities or use camp paraphernalia in any public area, improved or unimproved.  RJN Ex. A.  The County ordinance states unauthorized camping is prohibited and defines all terms.  RJN Ex. B.  Plaintiffs acknowledge the land from which their property was seized was either owned or controlled by City.  *See* Complaint generally.  They do not allege having obtained or otherwise possessing any permit or other permission or legitimization of his presence on that property.  *Id*.  Plaintiffs' camping on the Property was therefore a clear violation of an ordinance giving probable cause for Defendants to seize property that was in clear violation of the ordinance.  Even if the Court finds that a post-seizure hearing was required, Plaintiffs do not allege that they were denied a hearing after their property was seized.

Further, Many Plaintiffs allege facts to show the existence of exigent circumstances at the time their property was allegedly seized.  Plaintiffs Crystal Motley and Michael Elliot claimed the area where their trailer was located became flooded and but for the strength and assistance of their dogs pulling her to safety, Crystal would have perished.  Complaint at ¶¶ 44-45.  Similarly,

Stanley Extein and Susan Extein allege damage due to Marysville Police ordering "everyone," presumably including Stanley and Susan, to leave an area that was threatened with flooding. Complaint at ¶ 46.

### 5. Plaintiffs Fail to Allege Facts to Support a Denial of Due Process Claim.

Seizure may be warranted based on the existence of probable cause or when "the exigencies of the circumstances demand it." *Allen v. County of Lake*, 71 F.Supp.3d at 1051. As such a post-deprivation notice and hearing may be sufficient to satisfy due process. *Warkentine v. Soria*, 152 F.Supp.3d 1269, 1291-1292. Plaintiffs do not allege they were denied a hearing after the alleged removal of their property.

### 6. There Is No Denial of Equal Protection As Homeless Individuals Are Not a Protected Class.

Federal courts, including the Eastern District of California, have overwhelmingly held that homeless individuals are not a protected class. *Sanchez v. City of Fresno* 914 F.Supp.2d 1079, 1108-1109 (E. D. Cal. 2012). Further, there is no fundamental right to housing. *Vil. Of Arlington Hts. V. Metro. Housing Dev.* 429 U.S. 252, 259 (1977).

As stated above, Plaintiffs' homelessness does not make them part of a protected class and there is no constitutional right to housing.

### 7. Plaintiffs Fail to Allege Facts To Support Their Claim for Violation of Free Speech under Federal or State Theories.

Content-neutral regulation of speech is viewed somewhat deferentially under the First Amendment depending on the location – including whether the government is a proprietor. *International Soc. For Krishna Consciousness, Inc. v. Lee*, 505 U.S. 672 679 (1992). California recognizes even greater civil protection than the First Amendment, extending to designated meeting/assembly areas on private commercial property and open publicly-owned facilities like libraries. *Prigmore v. City of Redding* (2012) 387 CalApp.4th 1322, 1336. However, Plaintiffs do not allege they were on a designated forum area, or land otherwise open to the public. Rather, they were trespassing on publicly-owned land, a time and location to which protection of the right to free speech did not extend.

## B.  PLAINTIFFS' STATE LAW CLAIMS MUST BE DISMISSED FOR FAILURE TO COMPLY WITH THE CALIFORNIA TORT CLAIMS ACT.

Under California law, Public entities are immune from liability except as provided by statute. Cal. Gov. Code § 815(a). There is no common law tort liability for public entities in California; instead such liability must be based on statute. *Guzman v. County of Monterey* 46 Cal.4th 887, 897 (2009). A cause of action alleging a basis for liability not fairly reflected in the tort claim, i.e. "liability on acts or omissions committed at different times or by different persons than those described in the claim," is generally barred. *Stockett v. Ass'n of Cal. Water Agencies Joint Powers Insurance Auth.*, 34 Cal.4th 441, 446 - 447 (2004).

Timely submission of a tort claim pursuant to the Government Code is a condition precedent to a tort action against a public entity. *State of California v. Superior Court*, 32 Cal.4th 1234, 1240 (2004); Cal. Gov. Code § 945.4 ("[N]o suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented… until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board"); *J.J. v. County of San Diego* 223 Cal.App.4th 1214, 1219 (2014). This requirement applies to state law claims pursued in federal court. *Ortega v. O'Connor*, 764 F.2d 703, 707 (9th Cir. 1995) (rev'd on other grounds).

Claims relating to causes of action for personal injury or injury to property must be presented within six months after the cause of action accrues. Cal. Gov. Code § 911.2. Section 911.2 defines "injury" broadly, as in Government Code § 810.8, to include not only physical injuries to person and property, but also injuries to reputation, character, or feelings. Claims for negligence and intentional torts fall under the six month presentation requirement. See, *e.g.*, *State v. Superior Court (Bodde)* 32 Cal.4th 1234, 1239 (2004) (intentional infliction of emotional stress and negligence); *Shively v. Bozanich* 31 Cal.4th 1230, 1239 (2003) (defamation).

On October 30, 2017, the City Clerk for the City of Marysville received a letter signed by one Bryan Brown, an individual who is not an attorney, that appeared to be a claim against the

-8-
MEMORANDUN OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CITY OF MARYSVILLE'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT

1   City on behalf of a class of approximately 40 individuals.[2]  Declaration of Persephonie Riley in
2   support of Motion to Dismiss ("Riley Decl.") at ¶ 2.  The letter named six of the thirteen
3   individual Plaintiffs to the instant complaint.  *Id.*  On October 31, 2017, the City received a
4   second letter from Mr. Brown claiming to reserve the rights of an additional 23 individuals.  *Id.*
5   at ¶ 3.  Accepting Mr. Brown's letters as "claims", on November 2, 2017, the City sent a letter in
6   response to each of the letters notifying Mr. Brown that the claims were being returned without
7   action as they were not presented within the period required by law.  Riley Decl. at ¶¶ 4,5.

8   **1.   Plaintiffs Do Not Allege Compliance With the Government Claims Act**

9   Compliance with the Government Tort Claims Act is "an essential element" for a
10  California state law cause of action that must be pled.  *D.K. ex rel. G.M. v. Solano County Office*
11  *of Educ.*, 667 F.Supp.2d 1184, 1195 (E.D. Cal. 2009).

12  Plaintiffs' Complaint does not allege compliance with the Tort Claims Act.

13  **2.   In the Event This Court Does Not Dismiss Plaintiffs' State Law Claims For Failure to Comply with the Tort Claim Act, The Claims Should Be Dismissed For Failure to Allege Sufficient Facts.**
14

15  The Government Claims Act abolished all common-law theories of government liability.
16  See generally Gov. Code §§ 810-996.6.  Therefore there is no government liability for common
17  law claims unless directly provided by statute.

18  **a.   Plaintiffs Do Not Allege Facts To Support a Claim of False Imprisonment.**
19

20  Under California law, false imprisonment involves the intentional confinement of another
21  against the person's will.  The elements are (1) nonconsensual, intentional confinement of a
22  person, (2) without lawful privilege, (3) for an appreciable period of time, however brief.
23  *Bocanegra v. Jakubowski,* 241 Cal.App.4th 848 (2015).

24  Plaintiffs allege they were "confined" to designated sleep areas when they were "deterred
25  from being upon the streets of Marysville."  Complaint at ¶ 71.  They also allege during the
26  destruction of the encampments they were confined within the range of Defendants because they

27
28  ---
    [2] Defendant does not here address the lack of authority for Bryan Brown, a non-lawyer, to appear as an attorney for the individuals named in the claims.  *Johns v. County of San Diego*, 114 F.3d 874, 876-877 (9th Cir. 1997).

were prevented from accessing their property. *Id.* Plaintiffs do not identify a period of time during which they were allegedly confined or evidence that they could not leave the area. See Complaint generally.

### b. There is No Trespass to Chattels Where Defendants' Actions Were Not Unlawful.

Trespass to chattels (or property) lies where an intentional, unlawful interference with the possession of personal property has proximately caused injury. *Thrifty-Tel, Inc. v. Bezenek,* 46 Cal.App.4th 1559, 1566 (1996). A plaintiff must show that the defendant's acts were wrongful. *Intel Corp. v. Hamidi,* 30 Cal.4th 1342, 1352 (2003). It is rarely employed as a tort theory in California. *Thrifty-Tel, Inc. v. Bezenek*, 46 Cal.App.4th at 1566. To make a claim for trespass to chattels, a plaintiff must show some actual injury occurred. *Intel Corp. v. Hamidi,* 30 Cal.4th at 1351. A plaintiff may only recover the actual damage suffered by reason of the injury, rather than the full value of the chattel. *Id.* at 1350.

Here, Plaintiffs were trespassers on the City and County's property. Plaintiffs were, however, either given notice of nuisance and abatement by the County and chose to remain on the Property and not remove their property, or their property was removed due to exigent circumstances. Plaintiffs fail to show the removal of their personal property was wrongful.

### c. The Government's Action Was Not Unlawful, Therefore There Is No Conversion.

Conversion is the wrongful dominion over the property of another. *Welco Electronics, Inc. v. Mora,* 223 Cal.App.4th 202, 208 (2014). The elements include the defendant's conversion by a wrongful act or disposition of property rights. *Id.* An intent to exercise ownership over property belonging to another is essential to establishing conversion. *Collin v. American Empire Ins. Co.,* 21 Cal.App.4th 787, 813 (1994). Courts have traditionally refused to recognize as conversion the unauthorized taking of intangible interests that are not merged with, or reflected in, something tangible. *Thrifty-Tel, Inc. v. Bezenek,* 46 Cal.App.4th 1559, 1565 (1996); citing *Adkins v. Model Laundry Co.,* 92 Cal.App. 575, 583 (1928).

The cause of action for conversion is inappropriate as neither the City nor County

removed Plaintiffs' property for their own use nor do Plaintiffs make any such allegation. As stated in response to Plaintiff's cause of action for trespass, above, the removal of property not removed by persons unlawfully camping on public property was not a wrongful action. Plaintiffs were given notice or unfortunately affected by exigent circumstances.

      **d.   Neither the Exercise of Code Enforcement nor Response to Exigent Circumstances Was Outrageous or Extreme To Support a Claim for Intentional Infliction of Emotional Distress.**

To prove intentional infliction of emotional distress, a plaintiff must show: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct… Conduct to be outrageous must be so extreme as to exceed all bounds of that usually tolerated in a civilized community.'" *Miller v. Fortune Commercial Corp.*, 15 Cal.App.5th 214, 228–229; citing *Wilson v. Hynek,* 207 Cal.App.4th 999, 1009 (2012).

Plaintiffs do not state what specific conduct was outrageous and/or done with reckless disregard for causing them to suffer emotional distress. The City must assume Plaintiffs refer to the County's exercise of code enforcement or any Defendant's response to exigent circumstances. Such lawful action cannot be said to meet the threshold of an action so extreme as to not be tolerated by the civilized community that enacted it.

      **e.   There is No Statute Under Which the City Would Be Held Liable to Plaintiffs for Negligence.**

A public entity cannot be directly liable for negligence in the absence of a statute expressly imposing negligence liability. *Eastburn v. Regional Fire Protection Auth.,* 31 Cal.4th 1175, 1183 (2003).

Plaintiffs fail to allege the duty of care owed to them by the City or any statute under which the City could be held liable to them for negligence.

      **f.   There Cannot Be Negligent Infliction of Emotional Distress in the Absence of Negligence.**

"The negligent causing of emotional distress is not an independent tort, but the tort of

*negligence… * The traditional elements of duty, breach of duty, causation, and damages apply." *Spates v. Dameron Hospital Assn.*, 114 Cal.App.4th 208, 213 (2003)  emphasis original. Whether the defendant owes a duty of care is a question of law. *Burgess v. Superior Court,* 2 Cal.4th 1064, 1071-1072 (1992).

As explained above, Plaintiffs fail to allege a duty of care owed to them by the City or any statue under which the City can be held liable to them for negligence.  The City need not distinguish between Plaintiffs' alleged theories of direct or bystander recovery as no statute makes the City liable to Plaintiffs and Plaintiffs articulate no duty owed to them by the City.

### g. The City is Immune From Allegations of Misrepresentation And Will Not Be Held Liable For Employee's Statements In The Absence of Fraud, Corruption, or Malice.

Courts have repeatedly held that a public entity is immune from all types of fraud and deceit cases. *Chevlin v. Los Angeles Community College District,* 212 Cal.App.3d 382, 390-391 (1989).  Further, a public entity is not liable for an injury caused by misrepresentation by an employee of the public entity, whether or not such misrepresentation be negligent or intentional. Gov. Code § 818.8.  Additionally, the elected official and the public entity must both be named as codefendants in the same action to hold the public entity liable for the action of an elected official.  Gov. Code § 815.3.

Even a public employee acting in the scope of his employment is not held liable for an injury caused by his misrepresentation unless such allegations are pled with specific facts to support actual fraud, corruption or malice; conclusory allegations are insufficient to survive demurrer. *Freeny v City of San Buenaventura,* 216 Cal.App.4th 1333, 1344 – 1345 (2013); citing *Curcini v. County of Alameda,* 164 Cal.App.4th 629, 649 (2008).

Plaintiffs allege the City falsely held out a promise of due process pursuant to an eviction process, made by Mayor Ricky Samayoa, on which Plaintiffs relied.  Complaint at ¶ 86. Plaintiffs plead no specific facts to support actual fraud, corruption or malice behind the alleged statement.

### h. The City is Not Liable for Tortious Interference with Economic Advantage and Plaintiffs Fail to Show Any Economic Relationship or City's Knowledge Thereof.

-12-
MEMORANDUN OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CITY OF MARYSVILLE'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT

To prove tortious interference with prospective economic advantage, a plaintiff must show: (1) an economic relationship between himself and some third party with the probability of future economic benefit to him; (2) the defendant's knowledge of the relationship; (3) intentional wrongful acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant. *Korea Supply Co. v. Lockheed Martin Corp.,* 29 Cal.4th 1134, 1153, 1154 (2003). To satisfy the intent requirement, a plaintiff must at least plead that the defendant knew that the interference was certain or substantially certain to occur as a result of its action. *Id.* at 1155.

Plaintiffs allege Defendants seized and destroyed various property "thereby interfering with possible future employment, self-employment, maintenance and establishment of business enterprises or other legal, income-generating enterprises and activities." Complaint at ¶ 88. Plaintiffs do not provide facts to show any of the elements required to prove the existence of any economic relationship, the City's knowledge thereof, or effect thereto by the alleged removal of their property.

       **i.**      **Plaintiffs' Defamation Claim Fails as the Statements Were Privileged and Plaintiffs Do Not Allege Facts to Support the Falsity of Statements Attributed to the City.**

To prove defamation, a plaintiff must allege facts that show the defendant made (a) a publication that is (b) false, (c) defamatory, and (d) unprivileged, and that (e) has a natural tendency to injure or that causes special damage. *Taus v. Loftus,* 40 Cal.4th 683, 720 (2007). The sine qua non of a recovery for defamation is the existence of a provable falsehood. *Wong v. Jing,* 189 Cal.App.4th 1354, 1370 (2010); citing *McGarry v. University of San Diego,* 154 Cal.App.4th 97, 112 (2007). A privileged publication is one made in a communication without malice to an interested person by one who is also interested. *Taus v. Loftus*, 40 Cal.4th at 721.

The Complaint alleges the City made false statements regarding homeless people, specifically those on the property referred to as Hollywood Trailer Park, as a public health hazard "contaminating the land with human waste, garbage and other debris." Complaint at ¶¶ 31, 90. Plaintiffs do not allege sufficient facts to show the alleged statements were false or that

they were made with malice to disinterested persons.

### j. There Is No Intrusion into Private Affairs Where Plaintiffs Were Unlawfully Camping on Public Property.

An action for intrusion into private affairs has two elements: (1) intrusion into a private place, conversation or matter, (2) in a manner highly offensive to a reasonable person. *Wilkins v. National Broadcasting Co., Inc.* (1999) 71 Cal.App.4th 1066, 1075. The tort is proven only if the plaintiff had an objectively reasonable expectation of seclusion or solitude in the place, conversation or data source. *Id.* But there is no objectively reasonable expectation of privacy in a temporary shelter on public property without a permit or permission and in violation of a law which expressly prohibits what he is doing. *People v. Thomas*, *supra*, 38 Cal.App.4th at 1334.

The Complaint states Plaintiffs' property was taken from property owned or controlled by the City or County. See Complaint Generally. There are no facts to support the claim.

### 3. Plaintiffs Fail To Allege Facts to Support Allegations of FEHA and ADA Violations.

In order to state a claim for a violation of the ADA, a plaintiff bears the burden of proving she is a qualified individual with a disability. *Cleveland v. Policy Management Systems Corp.,* 526 U.S. 795, 806 (1999). California Courts use federal court decisions concerning the ADA to interpret analogous provisions of the FEHA in the absence of contrary or differing state law. *Service v. Union Pacific R.R. Co.*, 153 F.Supp.2d 1187; 1193 (E.D. Cal. 2001).

The Complaint fails to identify facts to support that any Plaintiff has a qualified disability to support an ADA or FEHA violation.

### 4. In the Event This Court Dismisses Plaintiffs' Federal Claims But Does Not Dismiss Plaintiffs' State Law Claims For The Reasons Stated Above, This Court Should Decline to Exercise Supplemental Jurisdiction.

A federal court's exercise of supplemental jurisdiction is governed by 28 U.S.C. § 1367. However, Section 1367(c) gives a district court the discretion to decline to exercise supplemental jurisdiction over a state law claim where" amongst other enumerated circumstances, "the district court has dismissed all claims over which it has original jurisdiction." *Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997). Where a district court dismisses all claims over which

it had original jurisdiction before trial, the balance of factors will point toward declining to exercise jurisdiction over the remaining state law claims pursuant to the values of economy, convenience, fairness, and comity. *Id.* at 1001.

If this Court dismisses the federal claims alleged in Plaintiffs' Complaint, this Court should decline to exercise jurisdiction over the remaining state law claims for the compelling reasons stated above.

### 5.   Injunctive Relief is Improper

According to the well-established principles of equity, a plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006) A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. *Id.*

Plaintiffs' request for injunctive relief is based on unsubstantiated duties and an assumption that the County's exercise of Code Enforcement or any Defendant's actions during emergency situations was not lawful. Plaintiffs' conclusory allegations do not merit injunctive relief.

## IV.  CONCLUSION

For the reasons set forth above, the City asks the Court to grant its motion and dismiss Plaintiffs' Complaint with prejudice, or in the alternative, dismiss with prejudice those causes of action not supported by the pleadings.

Dated:  November 5, 2018                                ANGELO, KILDAY & KILDUFF, LLP

                                                                                    */s/ Kristin A. Blocher*
                                                                           By:_____
                                                                                 BRUCE A. KILDAY
                                                                                 KRISTIN A. BLOCHER
                                                                                 Attorneys for Defendant CITY OF
                                                                                 MARYSVILLE