1  Anthony D. Prince (State Bar No. 202892)
   LAW OFFICES OF ANTHONY D. PRINCE
2    General Counsel, California Homeless Union
   2425 Prince Street, Suite 100
3  Berkeley, California 94705
   Telephone:    (510) 301-1472
4  E-Mail:       princelawoffices@yahoo.com

5  Mark E. Merin (State Bar No. 043849)
   Paul H. Masuhara (State Bar No. 289805)
6  LAW OFFICE OF MARK E. MERIN
   1010 F Street, Suite 300
7  Sacramento, California 95814
   Telephone:    (916) 443-6911
8  Facsimile:    (916) 447-8336
   E-Mail:       mark@markmerin.com
9                paul@markmerin.com

10   Attorneys for Plaintiffs
      BRIGITTE BUTCHER, BILLY REID,
11    JOLENE REID, SUSAN EXTEIN,
      STANLEY EXTEIN, MICHAEL ELLIOT,
12    CRYSTAL MOTLEY, DICK VEIT,
      DENNIS OWENS, DERECK DEMPSEY,
13    CARRIE ANTRAPP, WILBUR
      BARTHOLOMEW, and ANNETTE SKEEN
14

15                 UNITED STATES DISTRICT COURT

16                EASTERN DISTRICT OF CALIFORNIA

17                   SACRAMENTO DIVISION

18  BRIGITTE BUTCHER, BILLY REID,          Case No. 2:18-cv-02765-JAM-CKD
    JOLENE REID, SUSAN EXTEIN, STANLEY
19  EXTEIN, MICHAEL ELLIOT, CRYSTAL        **FIRST AMENDED CLASS ACTION**
    MOTLEY, DICK VEIT, DENNIS OWENS,       **COMPLAINT FOR VIOLATION OF**
20  DERECK DEMPSEY, CARRIE ANTRAPP,        **CIVIL AND CONSTITUTIONAL RIGHTS**
    WILBUR BARTHOLOMEW, and ANNETTE
21  SKEEN, on behalf of themselves and all others   **DEMAND FOR JURY TRIAL**
    similarly situated,
22

23            Plaintiffs,

24  vs.

25  CITY OF MARYSVILLE, MARYSVILLE
    POLICE DEPARTMENT, RICKY SAMAYOA,
26  BRENT BORSDEN, COUNTY OF YUBA, YUBA
    COUNTY CODE ENFORCEMENT, and DOE 1 to
27  100,

28            Defendants.

                                    1

## INTRODUCTION

The deterioration of the economy, the lack of affordable housing, soaring cost of medical treatment, and the shredding of any pretense of a safety net, has led to the burgeoning of the homeless population in the County of Yuba and the City of Marysville.

For over ten years, in the absence of affordable housing or shelter of any kind, homeless residents in the City of Marysville and the County of Yuba have sought refuge in City- and County-sanctioned encampments known variously as "Avondale", "Upper Hollywood", "Boki Temple", "The Shad Pad", "Horseshoe", "Hollywood Trailer Park" ("Hollywood"). The City and County not only tolerated these encampments, but the City and its police officers even picked homeless persons up on downtown streets and transported them to the homeless encampments, including the Hollywood Trailer Park, over which they exercised dominion and control. Finally, determined to rid the area of homeless persons, the City and County conspired to and accomplished the destruction of the habitations and personal property of hundreds of homeless persons camped for years on the banks and bottoms of the Yuba and Feather Rivers.

The physical destruction of the camps was accomplished using front loaders, bulldozers and dump trucks. The City and County's acts included the bulldozing of at least eight *de facto* City- and County-sanctioned homeless encampments and the destruction of thousands of items of personal property and resulted in the foreseeable, state-created danger of exiling those so dispossessed further into the backroads and wilds of Yuba County, beside the train tracks and otherwise dispersed to hidden corners where they suffered exposure to weather, hunger, and the risk and reality of physical injury. This action is brought to obtain compensation for the violation of the civil and constitutional rights of the class of persons represented by Plaintiffs herein, and to obtain declaratory and injunctive relief so that these unconstitutional practices will be forever banned.

## JURISDICTION & VENUE

1.     This Court has original jurisdiction of the federal claims asserted herein pursuant to 28 U.S.C. § 1331 (in that they arise under the United States Constitution) and § 1343(a)(3) (in that the action is brought to address deprivations, under color of state authority, of rights, privileges, and immunities secured by the United States Constitution). This Court has supplemental jurisdiction of the state law

2

claims under 28 U.S.C. § 1367.

2.      Venue is proper in the United State District Court for the Eastern District of California pursuant to 28 U.S.C. § 1391(b) because Defendants are located in the Eastern District of California and because many of the acts and/or omissions described herein occurred in the Eastern District of California.

3.      Intradistrict venue is proper in the Sacramento Division of the Eastern District of California pursuant to E.D. Cal. L.R. 120(d) because the claims asserted herein arise from acts and/or omissions which occurred in the County of Yuba, California.

## PARTIES

4.      Plaintiffs BRIGITTE BUTCHER, BILLY REID, JOLENE REID, SUSAN EXTEIN, STANLEY EXTEIN, MICHAEL ELLIOT, CRYSTAL MOTLEY, DICK VEIT, DENNIS OWENS, DERECK DEMPSEY, CARRIE ANTRAPP, WILBUR BARTHOLOMEW, and ANNETTE SKEEN are/were homeless persons residing in the State of California, County of Yuba. Plaintiffs bring this action on behalf of themselves, in an individual capacity, and on behalf of all others similarly situated, in a representative capacity.

5.      Defendant CITY OF MARYSVILLE is a "public entity" within the definition of Cal. Gov. Code § 811.2.

6.      Defendant RICKY SAMAYOA is the Mayor of the City of Marysville. Defendant RICKY SAMAYOA is and, at all times material herein, was a final policy-making authority for Defendants CITY OF MARYSVILLE and MARYSVILLE POLICE DEPARTMENT. Defendant RICKY SAMAYOA is sued in an individual capacity.

7.      Defendant BRENT BORSDEN is the City Attorney of the City of Marysville. Defendant BRENT BORSDEN is and, at all times material herein, was a final policy-making authority for Defendants CITY OF MARYSVILLE and MARYSVILLE POLICE DEPARTMENT. Defendant BRENT BORSDEN is sued in an individual capacity.

8.      Defendant MARYSVILLE POLICE DEPARTMENT is a "public entity" within the definition of Cal. Gov. Code § 811.2.

9.      Defendant COUNTY OF YUBA is a "public entity" within the definition of Cal. Gov. Code § 811.2.

3

10.    Defendant YUBA COUNTY CODE ENFORCEMENT is a "public entity" within the definition of Cal. Gov. Code § 811.2.

11.    Defendants DOE 1 to 100 are and/or were agents or employees of Defendants CITY OF MARYSVILLE, MARYSVILLE POLICE DEPARTMENT, COUNTY OF YUBA, and/or YUBA COUNTY CODE ENFORCEMENT, and acted within the scope of that agency or employment and under color of state law. The true and correct names of Defendants DOE 1 to 100 are not now known and, as a result, they are sued by their fictitious names and true and correct names will be substituted when ascertained.

## GENERAL ALLEGATIONS

12.    At all times relevant herein, all wrongful acts described were performed under color of state law and/or in concert with or on behalf of those acting under the color of state law.

13.    Plaintiffs BRIGITTE BUTCHER, BILLY REID, JOLENE REID, SUSAN EXTEIN, STANLEY EXTEIN, MICHAEL ELLIOT, CRYSTAL MOTLEY, DICK VEIT, DENNIS OWENS, DERECK DEMPSEY, CARRIE ANTRAPP, WILBUR BARTHOLOMEW, and ANNETTE SKEEN are homeless individuals who previously lived in one of the many homeless encampments that once existed on the banks of the Yuba and Feather Rivers. Plaintiffs were among approximately 300 to 500 persons who were forcibly removed from the homeless encampments known as "Avondale," "Upper Hollywood," "Horseshoe," "Shad Pad," "Boki Temple," "Thorntree" aka "the Jungle," and the "Hollywood Trailer Park" aka "Hollywood."

14.    The homeless encampments existed for over 10 years, with the knowledge and acquiescence of Defendants CITY OF MARYSVILLE, MARYSVILLE POLICE DEPARTMENT, COUNTY OF YUBA, and YUBA COUNTY CODE ENFORCEMENT.

15.    It was common practice for Defendants CITY OF MARYSVILLE, MARYSVILLE POLICE DEPARTMENT, COUNTY OF YUBA, and YUBA COUNTY CODE ENFORCEMENT's officials[1] either to suggest, order, and/or physically transport homeless persons found within the City's limits to the homeless encampments.

---

[1] Defendants' "officials," as referenced herein, include Defendants DOE 1 to 100.

4

**FIRST AMENDED CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**
*Butcher v. City of Marysville*, United States District Court, Eastern District of California, Case No. 2:18-cv-02765-JAM-CKD

16.     From March 2016 to present, there were only three shelters available to homeless persons within the City of Marysville: (a) the Salvation Army Depot, located at 408 J Street; (b) the Twin Cities Rescue Mission, located at 940 14th Street; and (c) 14Forward, 1212 J Street (first opened June 2016). No other homeless shelters existed, or currently exist, during that time period.

    a.     The Salvation Army Depot ("The Depot"), with only 25 beds, is available only to women and children, has a waiting list of 10 years, and was at-capacity every single day and night during the relevant time period at present remains at capacity every day and night.

    b.     The Twin Cities Rescue Mission ("The Mission"), with only 28 beds, was and is available only to men over the age of 18, has mandatory drug testing and strict rules regarding check-in time (5:00 p.m.). The Mission also required, and continues to require, participation in religious services as a condition of receiving meals. The Mission was at-capacity every day and night, during the relevant time period and at present remains at capacity every day and night.

    c.     14Forward, established in June 2016, is comprised of 20 "tuff shed" units which house a total of 40 persons. At the time it opened, 14Forward was immediately at-capacity, with 80 people already on a waiting list. By October 2016, the waiting list had grown to 120 persons and at present remains at capacity every day and night. During the relevant time period, 14Forward rules prohibited children, had no water, no heat, no electricity, no facilities for showering or cooking, and permitted no more than one animal per-person (service, support, or otherwise). The facility was fenced-in with ingress and egress strictly controlled and no visitors permitted.

17.     Official records, including "point-in-time" surveys, showed that there were at least 320 unsheltered homeless persons in the City of Marysville, during the relevant time period.

18.     In February 2016, the Thorntree encampment became flooded, causing its homeless residents to vacate.

19.     Defendants CITY OF MARYSVILLE, MARYSVILLE POLICE DEPARTMENT, COUNTY OF YUBA, and YUBA COUNTY CODE ENFORCEMENT's officials began seizing and destroying homeless persons' vehicles and items of personal property located in the encampment,

5

1    without timely or effective notice.

2        20.    Plaintiffs MICHAEL ELLIOT and CRYSTAL MOTLEY had to swim out of the

3    encampment to escape the flooding. When they learned that officials were destroying vehicles and items

4    of personal property, they attempted to return to their trailer located in the encampment. The officials

5    physically prevented them from retrieving the trailer, which was destroyed, along with everything in it,

6    which included their personal possessions.

7        21.    In March 2016, Defendants CITY OF MARYSVILLE, MARYSVILLE POLICE

8    DEPARTMENT, COUNTY OF YUBA, and YUBA COUNTY CODE ENFORCEMENT, as part of a

9    "City-County Liaison Committee," developed a "13-step" plan to expel the homeless persons from the

10   encampments located on City-owned property outside of the City's limits. They titled the plan "Tasks

11   and Timeline for Removing Unauthorized Occupants from City-Owned Lands." The 13-step plan

12   assigned specific shared responsibilities to several entities, including Defendants CITY OF

13   MARYSVILLE, MARYSVILLE POLICE DEPARTMENT, COUNTY OF YUBA, and YUBA

14   COUNTY CODE ENFORCEMENT.

15       22.    The 13-step plan originally aimed to remove homeless persons from the encampments

16   using trespass law. Instead, Defendants mailed "Notice[s] To Terminate Tenancy" to a small percentage

17   of the homeless residents of the encampments. Each notice was "Returned to Sender" as "Unclaimed,

18   Unable to Forward." The notices are postmarked March 29, 2016.

19       23.    Defendant CITY OF MARYSVILLE's Mayor, Defendant RICKY SAMAYOA,

20   announced that, if residents had not left the encampments in 30 days, they would be served with unlawful

21   detainer complaints, at which point they could choose to fight the eviction in the Yuba County Superior

22   Court.

23       24.    Thirty (30) days passed, but neither Defendant CITY OF MARYSVILLE nor COUNTY

24   OF YUBA's officials served any of the encampment residents with unlawful detainer complaints.

25       25.    The Marysville City Attorney, Defendant BRENT BORSDEN, authorized Defendant

26   YUBA COUNTY CODE ENFORCEMENT officials to "inspect" the encampments and to "take any

27   appropriate action deemed necessary as a result of such inspection."

28       26.    Defendants CITY OF MARYSVILLE, MARYSVILLE POLICE DEPARTMENT,

6

1  COUNTY OF YUBA, and YUBA COUNTY CODE ENFORCEMENT coordinated and planned the

2  destruction of the encampments and the seizure and destruction residents' personal property.

3      27.    The same day, a local newspaper reported that Defendant COUNTY OF YUBA had

4  received a grant to fund a "removal project" aimed at removing homeless persons from the Hollywood

5  encampment. In response, encampment residents posted signs stating that permission to take or destroy

6  their property was not granted. The encampment residents created signs that they later used at an October

7  15 protest in front of Marysville City Hall. Plaintiff BRIGITTE BUTCHER helped to organize this

8  protest.

9      28.    On October 17, 2016—four days after Defendant BRENT BORSDEN authorized

10  Defendant YUBA COUNTY CODE ENFORCEMENT officials' "inspect[ion]," and two days after the

11  protest—Defendants CITY OF MARYSVILLE, MARYSVILLE POLICE DEPARTMENT, COUNTY

12  OF YUBA, and YUBA COUNTY CODE ENFORCEMENT's officials posted unsigned notices at the

13  Hollywood encampment.

14      29.    Plaintiff BRIGITTE BUTCHER did not see any of these notices until the next morning.

15  At that point, Defendants CITY OF MARYSVILLE, MARYSVILLE POLICE DEPARTMENT,

16  COUNTY OF YUBA, and YUBA COUNTY CODE ENFORCEMENT's officials were already using

17  bulldozers to tear down the encampment and destroy encampment residents' personal property. Officials

18  loaded what property remained into dump trunks for removal. Plaintiff BRIGITTE BUTCHER, BILLY

19  REID, and JOLENE REID lost nearly all of their property during the destruction of the Hollywood

20  encampment.

21      30.    Plaintiff BRIGITTE BUTCHER, along with her partner Bryan Brown, maintained a

22  circulating library at her campsite used by Hollywood residents, which contained 3,500 books volumes

23  including legal texts, cookbooks, repair manuals, and volumes of history and political science. Plaintiff

24  BRIGITTE BUTCHER regularly relied upon the materials in the library to research and to write various

25  documents advocating on behalf of the homeless. When the encampment was bulldozed, all of the

26  library's 3,500 volumes were destroyed, along with notebooks, pens, paper, cardboard, paint, and other

27  items belonging to Plaintiff BRIGITTE BUTCHER and others used in association with the library books

28  to effectively advocate for their interests in and before official bodies and otherwise.

7

31.     Defendants CITY OF MARYSVILLE, MARYSVILLE POLICE DEPARTMENT, COUNTY OF YUBA, and YUBA COUNTY CODE ENFORCEMENT's officials were aware that Plaintiff BRIGITTE BUTCHER maintained the library at her campsite prior to its destruction. The officials had on numerous occasions visited the site and were aware of the community's reliance upon the library.

32.     Following the destruction of the Hollywood encampment, Defendants CITY OF MARYSVILLE, MARYSVILLE POLICE DEPARTMENT, COUNTY OF YUBA, and YUBA COUNTY CODE ENFORCEMENT's officials directed Hollywood encampment residents to another area also designated as a major flood zone. This area was commonly referred to as a "mud hole" because it was full of standing water.

33.     Defendant CITY OF MARYSVILLE's officials partitioned the area, creating "A-Zone" and "B-Zone." Officials only allowed residents to occupy A-Zone on Monday, Wednesdays and Fridays, and B-Zone on Tuesdays, Thursdays, Saturdays, and Sundays. In effect, the residents were required to switch between the two zones almost every day. Eventually, both zones completely flooded.

34.     Plaintiffs SUSAN EXTEIN and STANLEY EXTEIN lived at the Thorntree encampment, commonly known as "the Jungle". In January 2017, they saw Defendants CITY OF MARYSVILLE and COUNTY OF YUBA's officials bring into Thorntree a procession of homeless persons who had previously been evicted from the Horseshoe and Hollywood encampments, and had been forced onto, and then flooded out from, the two designated "sleep zones." Less than a day later, Defendant MARYSVILLE POLICE DEPARTMENT's officials ordered everyone in the encampment to leave, due to a threat of flooding.

35.     After the flood waters receded, Plaintiffs SUSAN EXTEIN and STANLEY EXTEIN returned to the Thorntree encampment. Defendant MARYSVILLE POLICE DEPARTMENT's officials told them, at threat of arrest, to leave immediately.

36.     Defendants CITY OF MARYSVILLE, MARYSVILLE POLICE DEPARTMENT, COUNTY OF YUBA, and YUBA COUNTY CODE ENFORCEMENT's officials later bulldozed the encampment. Plaintiffs SUSAN EXTEIN and STANLEY EXTEIN lost everything, including their personal property.

37.     Plaintiffs DICK VEIT, DENNIS OWENS, DERECK DEMPSEY, CARRIE ANTRAPP, WILBUR BARTHOLOMEW, ANNETTE SKEEN, at various points, lived at each of the homeless encampments. As a result of Defendants CITY OF MARYSVILLE, MARYSVILLE POLICE DEPARTMENT, COUNTY OF YUBA, and YUBA COUNTY CODE ENFORCEMENT's officials' conduct over a time period roughly stretching from March 2016 through October 2016, they each lost virtually all of their personal possessions.

38.     At no point did any of Plaintiffs receive a pre-deprivation or post-deprivation hearing about the destruction of their personal property.

## CLASS ALLEGATIONS

39.     Plaintiffs BRIGITTE BUTCHER, BILLY REID, JOLENE REID, SUSAN EXTEIN, STANLEY EXTEIN, MICHAEL ELLIOT, CRYSTAL MOTLEY, DICK VEIT, DENNIS OWENS, DERECK DEMPSEY, CARRIE ANTRAPP, WILBUR BARTHOLOMEW, and ANNETTE SKEEN, seek to represent a class of all persons whose personal property has been or will be unlawfully seized and/or destroyed by the execution of Defendants CITY OF MARYSVILLE, MARYSVILLE POLICE DEPARTMENT, COUNTY OF YUBA, YUBA COUNTY CODE ENFORCEMENT's policies and practices concerning homeless encampment "clean-ups."

40.     Pursuant to Fed. R. Civ. P. 23(a)(1), the members of the class are so numerous that joinder of all members is impractical. Plaintiffs do not presently know the exact number of class members. Plaintiffs are informed and believe, and thereupon allege, that there are approximately 300 to 500 persons in the proposed class and, based on continuing violations, the proposed class may grow.

41.     Pursuant to Fed. R. Civ. P. 23(a)(2), Plaintiffs are informed and believe, and thereupon allege, that there are many questions of law or fact common to the class, including, but not limited to, whether the Defendants, and each of them, have enforced or threatened to enforce policies, practices, or customs of destroying the personal property of persons experiencing homelessness for alleged violations of camping, keeping property in public places, loitering, and/or other similar quality-of-life criminal acts when there is no available shelter space, in violation of the Fourth, Eighth, and Fourteenth Amendment of the U.S. Constitution, art. I, §§ 7(a), 13, and 17 of the California Constitution, and Cal. Civ. Code § 52.1(b).

9

42.     Pursuant to Fed. R. Civ. P. 23(a)(3), Plaintiffs' claims are typical of the claims of the proposed class. Plaintiffs have the same interests and suffered the same type of injuries and their claims are based on the same legal theories as the members of the proposed class they seek to represent.

43.     Pursuant to Fed. R. Civ. P. 23(a)(4), Plaintiffs will fairly and adequately protect the interests of the proposed class. Plaintiffs' interests are consistent with, and not antagonistic to, the interests of the proposed class.

44.     Pursuant to Fed. R. Civ. P. 23(b)(1)(A), Plaintiffs are informed and believe, and thereupon allege, that prosecutions of separate actions by individual members of the proposed class would create a risk that inconsistent or varying adjudications with respect to individual members of the proposed class would establish incompatible standards of conduct for the parties opposing the class.

45.     Pursuant to Fed. R. Civ. P. 23(b)(1)(B), Plaintiffs are informed and believe, and thereupon allege, that prosecutions of separate actions by individual members of the proposed class would create a risk of inconsistent adjudications with respect to individual members of the proposed class which would, as a practical matter, substantially impair or impede the interests of the other members of the proposed class to protect their interests.

46.     Pursuant to Fed. R. Civ. P. 23(b)(2), Plaintiffs are informed and believe, and thereupon allege, that Defendants, and each of them, have acted on grounds generally applicable to the proposed class, thereby making appropriate the final injunctive or declaratory relief with respect to the proposed class as a whole.

47.     Pursuant to Fed. R. Civ. P. 23(b)(3), Plaintiffs are informed and believe, and thereupon allege, that this proposed class action is superior to other available methods for the fair and equitable adjudication of the controversy between the parties. Plaintiffs are informed and believe, and thereupon allege, that: (i) the interests of members of the proposed class in individually controlling the prosecutions of a separate action is low, in that most members of the proposed class would be unable individually to prosecute any action at all; (ii) the amounts at stake for individuals are such that separate suits would be impracticable; (iii) most members of the proposed class will not be able to find counsel to represent them; and (iv) it is desirable to concentrate all litigation in one forum because it will promote judicial efficiency to resolve the common questions of law and fact in one forum, rather than in multiple courts.

10

48.     Pursuant to Fed. R. Civ. P. 23(c), class members must be furnished with the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. Upon certification, Plaintiffs contemplate that individual notice will be given to class members at their last known address by first-class U.S. mail, and where notice by mail is not possible or practical, by utilizing the resources and assistance of the Marysville Homeless Union to locate class members and provide the required notice. That the notice will inform class members of the following: (i) the pendency of the class action and the issues common to the class; (ii) the nature of the action; (iii) a class member's right to "opt-out" of the action within a given time, in which event the class member will not be bound by a decision rendered in the class action; (iv) a class member's right, if the class member does not "opt-out," to be represented by the class member's own counsel and to enter an appearance in the case, otherwise the class member will be represented by Plaintiffs and their counsel; and (v) a class member's right, if the class member does not "opt-out," to share in any recovery in favor of the class or to be bound by any judgment on the common issues adverse to the class.

## EQUITABLE RELIEF ALLEGATIONS

49.     There is an actual controversy between Plaintiffs and the Defendants concerning the threat of unlawful seizure and/or destruction of personal property by the execution of Defendants' policies and practices concerning homeless encampment "clean-ups." Plaintiffs seek a judicial determination of their rights and duties and a declaration as to Defendants' constitutional obligations.

50.     On information and belief, as a direct consequence of Defendants' past and threatened future actions, Plaintiffs have suffered and will continue to suffer violations of their constitutional rights, resulting in irreparable harm.

51.     Presently, there are no shelter beds available to homeless persons within the city limits of the City of Marysville, where each of the three shelters is at-capacity, and approximately 200 people are living at the Yuba River bottoms. In addition, shelters within Yuba County outside the City of Marysville, are also at capacity every day and every night. There is no plan by Defendants' officials of which Plaintiffs are aware to create shelter.

\ \ \

\ \ \

**FIRST CLAIM**

**Restrictions on the Right to Free Speech, to Peaceably Assemble, and to Petition**

**(First and Fourteenth Amendment of the U.S. Constitution; 42 U.S.C. § 1983)**

52.     This Claim is asserted by Plaintiffs BRIGITTE BUTCHER, BILLY REID, JOLENE REID, SUSAN EXTEIN, STANLEY EXTEIN, MICHAEL ELLIOT, CRYSTAL MOTLEY, DICK VEIT, DENNIS OWENS, DERECK DEMPSEY, CARRIE ANTRAPP, WILBUR BARTHOLOMEW, and ANNETTE SKEEN, on behalf of themselves and all others similarly situated, against Defendants CITY OF MARYSVILLE, MARYSVILLE POLICE DEPARTMENT, RICKY SAMAYOA, BRENT BORSDEN, COUNTY OF YUBA, YUBA COUNTY CODE ENFORCEMENT, and DOE 1 to 100.

53.     Plaintiffs reallege and incorporate the allegations of the preceding paragraphs 1 to 51, to the extent relevant, as if fully set forth in this Claim.

54.     Defendants DOE 1 to 75, acting or purporting to act in the performance of their official duties and under color of state law, meaningfully interfered with Plaintiff BRIGITTE BUTCHER's free speech right to write, hear, possess, and read by unlawfully seizing and/or destroying books, papers, writing materials, and implements associated with free expression, in violation of rights secured by the First Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution.

55.     Defendants CITY OF MARYSVILLE, MARYSVILLE POLICE DEPARTMENT, RICKY SAMAYOA, BRENT BORSDEN, COUNTY OF YUBA, YUBA COUNTY CODE ENFORCEMENT, and DOE 76 to 100, acting under color of state law as policy-making authorities and through their employees and agents, maintained policies, practices, and/or customs of action and inaction resulting in and ratifying the violations of Plaintiffs' rights secured by the First Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution.

56.     Defendants RICKY SAMAYOA, BRENT BORSDEN, and DOE 1 to 100's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to Plaintiffs' rights protected by the First Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution, or were wantonly or oppressively done.

57.     As a direct and proximate result of Defendants' actions and inactions, Plaintiffs suffered injuries entitling them to receive compensatory damages and declaratory and injunctive relief against

12

1   Defendants CITY OF MARYSVILLE, MARYSVILLE POLICE DEPARTMENT, RICKY SAMAYOA,

2   BRENT BORSDEN, COUNTY OF YUBA, YUBA COUNTY CODE ENFORCEMENT, and DOE 1 to

3   100, and punitive damages against Defendants RICKY SAMAYOA, BRENT BORSDEN, and DOE 1 to

4   100.

5   　　　　WHEREFORE, Plaintiffs pray for relief as hereunder appears.

6   **SECOND CLAIM**

7   **Unreasonable Seizure**

8   **(Fourth and Fourteenth Amendment of the U.S. Constitution; 42 U.S.C. § 1983)**

9   　　　　58.　　This Claim is asserted by Plaintiffs BRIGITTE BUTCHER, BILLY REID, JOLENE

10   REID, SUSAN EXTEIN, STANLEY EXTEIN, MICHAEL ELLIOT, CRYSTAL MOTLEY, DICK

11   VEIT, DENNIS OWENS, DERECK DEMPSEY, CARRIE ANTRAPP, WILBUR BARTHOLOMEW,

12   and ANNETTE SKEEN, on behalf of themselves and all others similarly situated, against Defendants

13   CITY OF MARYSVILLE, MARYSVILLE POLICE DEPARTMENT, RICKY SAMAYOA, BRENT

14   BORSDEN, COUNTY OF YUBA, YUBA COUNTY CODE ENFORCEMENT, and DOE 1 to 100.

15   　　　　59.　　Plaintiffs reallege and incorporate the allegations of the preceding paragraphs 1 to 51, to

16   the extent relevant, as if fully set forth in this Claim.

17   　　　　60.　　Defendants DOE 1 to 75, acting or purporting to act in the performance of their official

18   duties and under color of state law, meaningfully interfered with Plaintiffs' possessory interests, by

19   unlawfully seizing and/or destroying their personal property and by consistently and forcibly relocating

20   them under threat of punishment or penalty, in violation of rights secured by the Fourth Amendment (as

21   incorporated through the Fourteenth Amendment) of the U.S. Constitution.

22   　　　　61.　　Defendants CITY OF MARYSVILLE, MARYSVILLE POLICE DEPARTMENT,

23   RICKY SAMAYOA, BRENT BORSDEN, COUNTY OF YUBA, YUBA COUNTY CODE

24   ENFORCEMENT, and DOE 76 to 100, acting under color of state law as policy-making authorities and

25   through their employees and agents, maintained policies, practices, and/or customs of action and inaction

26   resulting in and ratifying the violations of Plaintiffs' rights secured by the Fourth Amendment (as

27   incorporated through the Fourteenth Amendment) of the U.S. Constitution.

28   　　　　62.　　Defendants RICKY SAMAYOA, BRENT BORSDEN, and DOE 1 to 100's actions and

13

inactions were motivated by evil motive or intent, involved reckless or callous indifference to Plaintiffs' rights protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution, or were wantonly or oppressively done.

63.    As a direct and proximate result of Defendants' actions and inactions, Plaintiffs suffered injuries entitling them to receive compensatory damages and declaratory and injunctive relief against Defendants CITY OF MARYSVILLE, MARYSVILLE POLICE DEPARTMENT, RICKY SAMAYOA, BRENT BORSDEN, COUNTY OF YUBA, YUBA COUNTY CODE ENFORCEMENT, and DOE 1 to 100, and punitive damages against Defendants RICKY SAMAYOA, BRENT BORSDEN, and DOE 1 to 100.

WHEREFORE, Plaintiffs pray for relief as hereunder appears.

## THIRD CLAIM

### Cruel and Unusual Punishment

### (Eighth and Fourteenth Amendment of the U.S. Constitution; 42 U.S.C. § 1983)

64.    This Claim is asserted by Plaintiffs BRIGITTE BUTCHER, BILLY REID, JOLENE REID, SUSAN EXTEIN, STANLEY EXTEIN, MICHAEL ELLIOT, CRYSTAL MOTLEY, DICK VEIT, DENNIS OWENS, DERECK DEMPSEY, CARRIE ANTRAPP, WILBUR BARTHOLOMEW, and ANNETTE SKEEN, on behalf of themselves and all others similarly situated, against Defendants CITY OF MARYSVILLE, MARYSVILLE POLICE DEPARTMENT, RICKY SAMAYOA, BRENT BORSDEN, COUNTY OF YUBA, YUBA COUNTY CODE ENFORCEMENT, and DOE 1 to 100.

65.    Plaintiffs reallege and incorporate the allegations of the preceding paragraphs 1 to 51, to the extent relevant, as if fully set forth in this Claim.

66.    Defendants DOE 1 to 75, acting or purporting to act in the performance of their official duties and under color of state law, punished and penalized Plaintiffs by virtue of their status as homeless persons in the absence of shelter or housing within the City of Marysville and County of Yuba, by unlawfully seizing and/or destroying their personal property and by consistently and forcibly relocating them under threat of punishment or penalty, in violation of rights secured by the Eighth Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution.

67.    Defendants CITY OF MARYSVILLE, MARYSVILLE POLICE DEPARTMENT,

14

RICKY SAMAYOA, BRENT BORSDEN, COUNTY OF YUBA, YUBA COUNTY CODE ENFORCEMENT, and DOE 76 to 100, acting under color of state law as policy-making authorities and through their employees and agents, maintained policies, practices, and/or customs of action and inaction resulting in and ratifying the violations of Plaintiffs' rights secured by the Eighth Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution.

68.    Defendants RICKY SAMAYOA, BRENT BORSDEN, and DOE 1 to 100's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to Plaintiffs' rights protected by the Eighth Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution, or were wantonly or oppressively done.

69.    As a direct and proximate result of Defendants' actions and inactions, Plaintiffs suffered injuries entitling them to receive compensatory damages and declaratory and injunctive relief against Defendants CITY OF MARYSVILLE, MARYSVILLE POLICE DEPARTMENT, RICKY SAMAYOA, BRENT BORSDEN, COUNTY OF YUBA, YUBA COUNTY CODE ENFORCEMENT, and DOE 1 to 100, and punitive damages against Defendants RICKY SAMAYOA, BRENT BORSDEN, and DOE 1 to 100.

WHEREFORE, Plaintiffs pray for relief as hereunder appears.

<u>**FOURTH CLAIM**</u>

**Procedural Due Process**

**(Fourteenth Amendment of the U.S. Constitution; 42 U.S.C. § 1983)**

70.    This Claim is asserted by Plaintiffs BRIGITTE BUTCHER, BILLY REID, JOLENE REID, SUSAN EXTEIN, STANLEY EXTEIN, MICHAEL ELLIOT, CRYSTAL MOTLEY, DICK VEIT, DENNIS OWENS, DERECK DEMPSEY, CARRIE ANTRAPP, WILBUR BARTHOLOMEW, and ANNETTE SKEEN, on behalf of themselves and all others similarly situated, against Defendants CITY OF MARYSVILLE, MARYSVILLE POLICE DEPARTMENT, RICKY SAMAYOA, BRENT BORSDEN, COUNTY OF YUBA, YUBA COUNTY CODE ENFORCEMENT, and DOE 1 to 100.

71.    Plaintiffs reallege and incorporate the allegations of the preceding paragraphs 1 to 51, to the extent relevant, as if fully set forth in this Claim.

72.    Defendants DOE 1 to 75, acting or purporting to act in the performance of their official

15

duties and under color of state law, deprived Plaintiffs of liberty and property interests, without voluntary consent or any form of due process, including notice, hearing, or means of challenging the action, by unlawfully seizing and/or destroying their personal property and by consistently and forcibly relocating them under threat of punishment or penalty, in violation of rights secured by the Fourteenth Amendment of the U.S. Constitution.

73.    Defendants CITY OF MARYSVILLE, MARYSVILLE POLICE DEPARTMENT, RICKY SAMAYOA, BRENT BORSDEN, COUNTY OF YUBA, YUBA COUNTY CODE ENFORCEMENT, and DOE 76 to 100, acting under color of state law as policy-making authorities and through their employees and agents, maintained policies, practices, and/or customs of action and inaction resulting in and ratifying the violations of Plaintiffs' rights secured by the Fourteenth Amendment of the U.S. Constitution.

74.    Defendants RICKY SAMAYOA, BRENT BORSDEN, and DOE 1 to 100's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to Plaintiffs' rights protected by the Fourteenth Amendment of the U.S. Constitution, or were wantonly or oppressively done.

75.    As a direct and proximate result of Defendants' actions and inactions, Plaintiffs suffered injuries entitling them to receive compensatory damages and declaratory and injunctive relief against Defendants CITY OF MARYSVILLE, MARYSVILLE POLICE DEPARTMENT, RICKY SAMAYOA, BRENT BORSDEN, COUNTY OF YUBA, YUBA COUNTY CODE ENFORCEMENT, and DOE 1 to 100, and punitive damages against Defendants RICKY SAMAYOA, BRENT BORSDEN, and DOE 1 to 100.

WHEREFORE, Plaintiffs pray for relief as hereunder appears.

## FIFTH CLAIM

### Equal Protection

### (Fourteenth Amendment of the U.S. Constitution; 42 U.S.C. § 1983)

76.    This Claim is asserted by Plaintiffs BRIGITTE BUTCHER, BILLY REID, JOLENE REID, SUSAN EXTEIN, STANLEY EXTEIN, MICHAEL ELLIOT, CRYSTAL MOTLEY, DICK VEIT, DENNIS OWENS, DERECK DEMPSEY, CARRIE ANTRAPP, WILBUR BARTHOLOMEW,

16

1  and ANNETTE SKEEN, on behalf of themselves and all others similarly situated, against Defendants

2  CITY OF MARYSVILLE, MARYSVILLE POLICE DEPARTMENT, RICKY SAMAYOA, BRENT

3  BORSDEN, COUNTY OF YUBA, YUBA COUNTY CODE ENFORCEMENT, and DOE 1 to 100.

4    77.    Plaintiffs reallege and incorporate the allegations of the preceding paragraphs 1 to 51, to

5  the extent relevant, as if fully set forth in this Claim.

6    78.    Defendants DOE 1 to 75, acting or purporting to act in the performance of their official

7  duties and under color of state law, treated differently, singled-out, and targeted Plaintiffs based on an

8  animus towards their membership in an historically-unpopular class of homeless persons without access

9  to shelter or housing, and/or a desire to preserve the fiscal integrity of government funds, without a

10  rational relationship to any legitimate state interest, by unlawfully seizing and/or destroying their

11  personal property and by consistently and forcibly relocating them under threat of punishment or penalty,

12  in violation of rights secured by the Fourteenth Amendment of the U.S. Constitution.

13    79.    Defendants CITY OF MARYSVILLE, MARYSVILLE POLICE DEPARTMENT,

14  RICKY SAMAYOA, BRENT BORSDEN, COUNTY OF YUBA, YUBA COUNTY CODE

15  ENFORCEMENT, and DOE 76 to 100, acting under color of state law as policy-making authorities and

16  through their employees and agents, maintained policies, practices, and/or customs of action and inaction

17  resulting in and ratifying the violations of Plaintiffs' rights secured by the Fourteenth Amendment of the

18  U.S. Constitution.

19    80.    Defendants RICKY SAMAYOA, BRENT BORSDEN, and DOE 1 to 100's actions and

20  inactions were motivated by evil motive or intent, involved reckless or callous indifference to Plaintiffs'

21  rights protected by the Fourteenth Amendment of the U.S. Constitution, or were wantonly or

22  oppressively done.

23    81.    As a direct and proximate result of Defendants' actions and inactions, Plaintiffs suffered

24  injuries entitling them to receive compensatory damages and declaratory and injunctive relief against

25  Defendants CITY OF MARYSVILLE, MARYSVILLE POLICE DEPARTMENT, RICKY SAMAYOA,

26  BRENT BORSDEN, COUNTY OF YUBA, YUBA COUNTY CODE ENFORCEMENT, and DOE 1 to

27  100, and punitive damages against Defendants RICKY SAMAYOA, BRENT BORSDEN, and DOE 1 to

28  100.

WHEREFORE, Plaintiffs pray for relief as hereunder appears.

## SIXTH CLAIM

### State-Created Danger

### (Fourteenth Amendment of the U.S. Constitution; 42 U.S.C. § 1983)

82.     This Claim is asserted by Plaintiffs BRIGITTE BUTCHER, BILLY REID, JOLENE REID, SUSAN EXTEIN, STANLEY EXTEIN, MICHAEL ELLIOT, CRYSTAL MOTLEY, DICK VEIT, DENNIS OWENS, DERECK DEMPSEY, CARRIE ANTRAPP, WILBUR BARTHOLOMEW, and ANNETTE SKEEN, on behalf of themselves and all others similarly situated, against Defendants CITY OF MARYSVILLE, MARYSVILLE POLICE DEPARTMENT, RICKY SAMAYOA, BRENT BORSDEN, COUNTY OF YUBA, YUBA COUNTY CODE ENFORCEMENT, and DOE 1 to 100.

83.     Plaintiffs reallege and incorporate the allegations of the preceding paragraphs 1 to 51, to the extent relevant, as if fully set forth in this Claim.

84.     Defendants DOE 1 to 75, acting or purporting to act in the performance of their official duties and under color of state law, affirmatively placed Plaintiffs in a position of danger by creating or exposing them to dangers which they would not have otherwise faced, by unlawfully seizing and/or destroying their personal property and by consistently and forcibly relocating them under threat of punishment or penalty, in violation of rights secured by the Fourteenth Amendment of the U.S. Constitution.

85.     Defendants CITY OF MARYSVILLE, MARYSVILLE POLICE DEPARTMENT, RICKY SAMAYOA, BRENT BORSDEN, COUNTY OF YUBA, YUBA COUNTY CODE ENFORCEMENT, and DOE 76 to 100, acting under color of state law as policy-making authorities and through their employees and agents, maintained policies, practices, and/or customs of action and inaction resulting in and ratifying the violations of Plaintiffs' rights secured by the Fourteenth Amendment of the U.S. Constitution.

86.     Defendants RICKY SAMAYOA, BRENT BORSDEN, and DOE 1 to 100's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to Plaintiffs' rights protected by the Fourteenth Amendment of the U.S. Constitution, or were wantonly or oppressively done.

87.     As a direct and proximate result of Defendants' actions and inactions, Plaintiffs suffered injuries entitling them to receive compensatory damages and declaratory and injunctive relief against Defendants CITY OF MARYSVILLE, MARYSVILLE POLICE DEPARTMENT, RICKY SAMAYOA, BRENT BORSDEN, COUNTY OF YUBA, YUBA COUNTY CODE ENFORCEMENT, and DOE 1 to 100, and punitive damages against Defendants RICKY SAMAYOA, BRENT BORSDEN, and DOE 1 to 100.

WHEREFORE, Plaintiffs pray for relief as hereunder appears.

## SEVENTH CLAIM

**Restrictions on the Right to Free Speech, to Peaceably Assemble, and to Petition**

**(Art. I, §§ 2 and 3 of the California Constitution)**

88.     This Claim is asserted by Plaintiffs BRIGITTE BUTCHER, BILLY REID, JOLENE REID, SUSAN EXTEIN, STANLEY EXTEIN, MICHAEL ELLIOT, CRYSTAL MOTLEY, DICK VEIT, DENNIS OWENS, DERECK DEMPSEY, CARRIE ANTRAPP, WILBUR BARTHOLOMEW, and ANNETTE SKEEN, on behalf of themselves and all others similarly situated, against Defendants CITY OF MARYSVILLE, MARYSVILLE POLICE DEPARTMENT, RICKY SAMAYOA, BRENT BORSDEN, COUNTY OF YUBA, YUBA COUNTY CODE ENFORCEMENT, and DOE 1 to 100.

89.     Plaintiffs reallege and incorporate the allegations of the preceding paragraphs 1 to 51, to the extent relevant, as if fully set forth in this Claim.

90.     Defendants DOE 1 to 75, acting or purporting to act in the performance of their official duties and under color of state law, meaningfully interfered with Plaintiff BRIGITTE BUTCHER's free speech right to write, hear, possess, and read by unlawfully seizing and/or destroying books, papers, writing materials, and implements associated with free expression, in violation of rights secured by art. I, §§ 2 and 3 of the California Constitution.

91.     Defendants CITY OF MARYSVILLE, MARYSVILLE POLICE DEPARTMENT, RICKY SAMAYOA, BRENT BORSDEN, COUNTY OF YUBA, YUBA COUNTY CODE ENFORCEMENT, and DOE 76 to 100, acting under color of state law as policy-making authorities and through their employees and agents, maintained policies, practices, and/or customs of action and inaction resulting in and ratifying the violations of Plaintiffs' rights secured by art. I, §§ 2 and 3 of the California

19

Constitution.

92.    Defendants CITY OF MARYSVILLE, MARYSVILLE POLICE DEPARTMENT, COUNTY OF YUBA, and YUBA COUNTY CODE ENFORCEMENT are indirectly and vicariously liable, through the principles of *respondeat superior* pursuant to Cal. Gov. Code §§ 815.2(a), 820(a), for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment, including Defendants RICKY SAMAYOA, BRENT BORSDEN, and DOE 1 to 100.

93.    As a direct and proximate result of Defendants' actions and inactions, Plaintiffs suffered injuries entitling them to receive declaratory and injunctive relief against Defendants CITY OF MARYSVILLE, MARYSVILLE POLICE DEPARTMENT, RICKY SAMAYOA, BRENT BORSDEN, COUNTY OF YUBA, YUBA COUNTY CODE ENFORCEMENT, and DOE 1 to 100.

WHEREFORE, Plaintiffs pray for relief as hereunder appears.

## EIGHTH CLAIM

### Unreasonable Seizure

### (Art. I, § 13 of the California Constitution)

94.    This Claim is asserted by Plaintiffs BRIGITTE BUTCHER, BILLY REID, JOLENE REID, SUSAN EXTEIN, STANLEY EXTEIN, MICHAEL ELLIOT, CRYSTAL MOTLEY, DICK VEIT, DENNIS OWENS, DERECK DEMPSEY, CARRIE ANTRAPP, WILBUR BARTHOLOMEW, and ANNETTE SKEEN, on behalf of themselves and all others similarly situated, against Defendants CITY OF MARYSVILLE, MARYSVILLE POLICE DEPARTMENT, RICKY SAMAYOA, BRENT BORSDEN, COUNTY OF YUBA, YUBA COUNTY CODE ENFORCEMENT, and DOE 1 to 100.

95.    Plaintiffs reallege and incorporate the allegations of the preceding paragraphs 1 to 51, to the extent relevant, as if fully set forth in this Claim.

96.    Defendants DOE 1 to 75, acting or purporting to act in the performance of their official duties and under color of state law, meaningfully interfered with Plaintiffs' possessory interests, by unlawfully seizing and/or destroying their personal property and by consistently and forcibly relocating them under threat of punishment or penalty, in violation of rights secured by art. I, § 13 of the California Constitution.

97.    Defendants CITY OF MARYSVILLE, MARYSVILLE POLICE DEPARTMENT,

20

RICKY SAMAYOA, BRENT BORSDEN, COUNTY OF YUBA, YUBA COUNTY CODE

ENFORCEMENT, and DOE 76 to 100, acting under color of state law as policy-making authorities and

through their employees and agents, maintained policies, practices, and/or customs of action and inaction

resulting in and ratifying the violations of Plaintiffs' rights secured by art. I, § 13 of the California

Constitution.

98.    Defendants CITY OF MARYSVILLE, MARYSVILLE POLICE DEPARTMENT,

COUNTY OF YUBA, and YUBA COUNTY CODE ENFORCEMENT are indirectly and vicariously

liable, through the principles of *respondeat superior* pursuant to Cal. Gov. Code §§ 815.2(a), 820(a), for

injuries proximately caused by acts or omissions of their employees acting within the scope of their

employment, including Defendants RICKY SAMAYOA, BRENT BORSDEN, and DOE 1 to 100.

99.    As a direct and proximate result of Defendants' actions and inactions, Plaintiffs suffered

injuries entitling them to receive declaratory and injunctive relief against Defendants CITY OF

MARYSVILLE, MARYSVILLE POLICE DEPARTMENT, RICKY SAMAYOA, BRENT BORSDEN,

COUNTY OF YUBA, YUBA COUNTY CODE ENFORCEMENT, and DOE 1 to 100.

WHEREFORE, Plaintiffs pray for relief as hereunder appears.

## NINTH CLAIM

### Cruel or Unusual Punishment

### (Art. I, § 17 of the California Constitution)

100.    This Claim is asserted by Plaintiffs BRIGITTE BUTCHER, BILLY REID, JOLENE

REID, SUSAN EXTEIN, STANLEY EXTEIN, MICHAEL ELLIOT, CRYSTAL MOTLEY, DICK

VEIT, DENNIS OWENS, DERECK DEMPSEY, CARRIE ANTRAPP, WILBUR BARTHOLOMEW,

and ANNETTE SKEEN, on behalf of themselves and all others similarly situated, against Defendants

CITY OF MARYSVILLE, MARYSVILLE POLICE DEPARTMENT, RICKY SAMAYOA, BRENT

BORSDEN, COUNTY OF YUBA, YUBA COUNTY CODE ENFORCEMENT, and DOE 1 to 100.

101.    Plaintiffs reallege and incorporate the allegations of the preceding paragraphs 1 to 51, to

the extent relevant, as if fully set forth in this Claim.

102.    Defendants DOE 1 to 75, acting or purporting to act in the performance of their official

duties and under color of state law, punished and penalized Plaintiffs by virtue of their status as homeless

21

**FIRST AMENDED CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**
*Butcher v. City of Marysville*, United States District Court, Eastern District of California, Case No. 2:18-cv-02765-JAM-CKD

persons in the absence of shelter or housing within the City of Marysville and County of Yuba, by unlawfully seizing and/or destroying their personal property and by consistently and forcibly relocating them under threat of punishment or penalty, in violation of rights secured by art. I, § 17 of the California Constitution.

103.    Defendants CITY OF MARYSVILLE, MARYSVILLE POLICE DEPARTMENT, RICKY SAMAYOA, BRENT BORSDEN, COUNTY OF YUBA, YUBA COUNTY CODE ENFORCEMENT, and DOE 76 to 100, acting under color of state law as policy-making authorities and through their employees and agents, maintained policies, practices, and/or customs of action and inaction resulting in and ratifying the violations of Plaintiffs' rights secured by art. I, § 17 of the California Constitution.

104.    Defendants CITY OF MARYSVILLE, MARYSVILLE POLICE DEPARTMENT, COUNTY OF YUBA, and YUBA COUNTY CODE ENFORCEMENT are indirectly and vicariously liable, through the principles of *respondeat superior* pursuant to Cal. Gov. Code §§ 815.2(a), 820(a), for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment, including Defendants RICKY SAMAYOA, BRENT BORSDEN, and DOE 1 to 100.

105.    As a direct and proximate result of Defendants' actions and inactions, Plaintiffs suffered injuries entitling them to receive declaratory and injunctive relief against Defendants CITY OF MARYSVILLE, MARYSVILLE POLICE DEPARTMENT, RICKY SAMAYOA, BRENT BORSDEN, COUNTY OF YUBA, YUBA COUNTY CODE ENFORCEMENT, and DOE 1 to 100.

WHEREFORE, Plaintiffs pray for relief as hereunder appears.

## TENTH CLAIM

### Procedural Due Process

### (Art. I, § 7(a) of the California Constitution)

106.    This Claim is asserted by Plaintiffs BRIGITTE BUTCHER, BILLY REID, JOLENE REID, SUSAN EXTEIN, STANLEY EXTEIN, MICHAEL ELLIOT, CRYSTAL MOTLEY, DICK VEIT, DENNIS OWENS, DERECK DEMPSEY, CARRIE ANTRAPP, WILBUR BARTHOLOMEW, and ANNETTE SKEEN, on behalf of themselves and all others similarly situated, against Defendants CITY OF MARYSVILLE, MARYSVILLE POLICE DEPARTMENT, RICKY SAMAYOA, BRENT

22

1    BORSDEN, COUNTY OF YUBA, YUBA COUNTY CODE ENFORCEMENT, and DOE 1 to 100.

2        107.    Plaintiffs reallege and incorporate the allegations of the preceding paragraphs 1 to 51, to

3    the extent relevant, as if fully set forth in this Claim.

4        108.    Defendants DOE 1 to 75, acting or purporting to act in the performance of their official

5    duties and under color of state law, deprived Plaintiffs of liberty and property interests, without voluntary

6    consent or any form of due process, including notice, hearing, or means of challenging the action, by

7    unlawfully seizing and/or destroying their personal property and by consistently and forcibly relocating

8    them under threat of punishment or penalty, in violation of rights secured by art. I, § 7(a) of the

9    California Constitution.

10        109.    Defendants CITY OF MARYSVILLE, MARYSVILLE POLICE DEPARTMENT,

11    RICKY SAMAYOA, BRENT BORSDEN, COUNTY OF YUBA, YUBA COUNTY CODE

12    ENFORCEMENT, and DOE 76 to 100, acting under color of state law as policy-making authorities and

13    through their employees and agents, maintained policies, practices, and/or customs of action and inaction

14    resulting in and ratifying the violations of Plaintiffs' rights secured by art. I, § 7(a) of the California

15    Constitution.

16        110.    Defendants CITY OF MARYSVILLE, MARYSVILLE POLICE DEPARTMENT,

17    COUNTY OF YUBA, and YUBA COUNTY CODE ENFORCEMENT are indirectly and vicariously

18    liable, through the principles of *respondeat superior* pursuant to Cal. Gov. Code §§ 815.2(a), 820(a), for

19    injuries proximately caused by acts or omissions of their employees acting within the scope of their

20    employment, including Defendants RICKY SAMAYOA, BRENT BORSDEN, and DOE 1 to 100.

21        111.    As a direct and proximate result of Defendants' actions and inactions, Plaintiffs suffered

22    injuries entitling them to receive declaratory and injunctive relief against Defendants CITY OF

23    MARYSVILLE, MARYSVILLE POLICE DEPARTMENT, RICKY SAMAYOA, BRENT BORSDEN,

24    COUNTY OF YUBA, YUBA COUNTY CODE ENFORCEMENT, and DOE 1 to 100.

25        WHEREFORE, Plaintiffs pray for relief as hereunder appears.

26    \ \ \

27    \ \ \

28    \ \ \

1

### ELEVENTH CLAIM

2

### Equal Protection

3

### (Art. I, § 7(a) of the California Constitution)

4        112.    This Claim is asserted by Plaintiffs BRIGITTE BUTCHER, BILLY REID, JOLENE

5   REID, SUSAN EXTEIN, STANLEY EXTEIN, MICHAEL ELLIOT, CRYSTAL MOTLEY, DICK

6   VEIT, DENNIS OWENS, DERECK DEMPSEY, CARRIE ANTRAPP, WILBUR BARTHOLOMEW,

7   and ANNETTE SKEEN, on behalf of themselves and all others similarly situated, against Defendants

8   CITY OF MARYSVILLE, MARYSVILLE POLICE DEPARTMENT, RICKY SAMAYOA, BRENT

9   BORSDEN, COUNTY OF YUBA, YUBA COUNTY CODE ENFORCEMENT, and DOE 1 to 100.

10        113.    Plaintiffs reallege and incorporate the allegations of the preceding paragraphs 1 to 51, to

11   the extent relevant, as if fully set forth in this Claim.

12        114.    Defendants DOE 1 to 75, acting or purporting to act in the performance of their official

13   duties and under color of state law, treated differently, singled-out, and targeted Plaintiffs based on an

14   animus towards their membership in an historically-unpopular class of homeless persons without access

15   to shelter or housing, and/or a desire to preserve the fiscal integrity of government funds, without a

16   rational relationship to any legitimate state interest, by unlawfully seizing and/or destroying their

17   personal property and by consistently and forcibly relocating them under threat of punishment or penalty,

18   in violation of rights secured by art. I, § 7(a) of the California Constitution.

19        115.    Defendants CITY OF MARYSVILLE, MARYSVILLE POLICE DEPARTMENT,

20   RICKY SAMAYOA, BRENT BORSDEN, COUNTY OF YUBA, YUBA COUNTY CODE

21   ENFORCEMENT, and DOE 76 to 100, acting under color of state law as policy-making authorities and

22   through their employees and agents, maintained policies, practices, and/or customs of action and inaction

23   resulting in and ratifying the violations of Plaintiffs' rights secured by art. I, § 7(a) of the California

24   Constitution.

25        116.    Defendants CITY OF MARYSVILLE, MARYSVILLE POLICE DEPARTMENT,

26   COUNTY OF YUBA, and YUBA COUNTY CODE ENFORCEMENT are indirectly and vicariously

27   liable, through the principles of *respondeat superior* pursuant to Cal. Gov. Code §§ 815.2(a), 820(a), for

28   injuries proximately caused by acts or omissions of their employees acting within the scope of their

24

1  employment, including Defendants RICKY SAMAYOA, BRENT BORSDEN, and DOE 1 to 100.

2      117.    As a direct and proximate result of Defendants' actions and inactions, Plaintiffs suffered

3  injuries entitling them to receive declaratory and injunctive relief against Defendants CITY OF

4  MARYSVILLE, MARYSVILLE POLICE DEPARTMENT, RICKY SAMAYOA, BRENT BORSDEN,

5  COUNTY OF YUBA, YUBA COUNTY CODE ENFORCEMENT, and DOE 1 to 100.

6      WHEREFORE, Plaintiffs pray for relief as hereunder appears.

7  ## TWELFTH CLAIM

8  ### State-Created Danger

9  ### (Art. I, § 7(a) of the California Constitution)

10      118.    This Claim is asserted by Plaintiffs BRIGITTE BUTCHER, BILLY REID, JOLENE

11  REID, SUSAN EXTEIN, STANLEY EXTEIN, MICHAEL ELLIOT, CRYSTAL MOTLEY, DICK

12  VEIT, DENNIS OWENS, DERECK DEMPSEY, CARRIE ANTRAPP, WILBUR BARTHOLOMEW,

13  and ANNETTE SKEEN, on behalf of themselves and all others similarly situated, against Defendants

14  CITY OF MARYSVILLE, MARYSVILLE POLICE DEPARTMENT, RICKY SAMAYOA, BRENT

15  BORSDEN, COUNTY OF YUBA, YUBA COUNTY CODE ENFORCEMENT, and DOE 1 to 100.

16      119.    Plaintiffs reallege and incorporate the allegations of the preceding paragraphs 1 to 51, to

17  the extent relevant, as if fully set forth in this Claim.

18      120.    Defendants DOE 1 to 75, acting or purporting to act in the performance of their official

19  duties and under color of state law, affirmatively placed Plaintiffs in a position of danger by creating or

20  exposing them to dangers which they would not have otherwise faced, by unlawfully seizing and/or

21  destroying their personal property and by consistently and forcibly relocating them under threat of

22  punishment or penalty, in violation of rights secured by art. I, § 7(a) of the California Constitution.

23      121.    Defendants CITY OF MARYSVILLE, MARYSVILLE POLICE DEPARTMENT,

24  RICKY SAMAYOA, BRENT BORSDEN, COUNTY OF YUBA, YUBA COUNTY CODE

25  ENFORCEMENT, and DOE 76 to 100, acting under color of state law as policy-making authorities and

26  through their employees and agents, maintained policies, practices, and/or customs of action and inaction

27  resulting in and ratifying the violations of Plaintiffs' rights secured by art. I, § 7(a) of the California

28  Constitution.

122.   Defendants CITY OF MARYSVILLE, MARYSVILLE POLICE DEPARTMENT, COUNTY OF YUBA, and YUBA COUNTY CODE ENFORCEMENT are indirectly and vicariously liable, through the principles of *respondeat superior* pursuant to Cal. Gov. Code §§ 815.2(a), 820(a), for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment, including Defendants RICKY SAMAYOA, BRENT BORSDEN, and DOE 1 to 100.

123.   As a direct and proximate result of Defendants' actions and inactions, Plaintiffs suffered injuries entitling them to receive declaratory and injunctive relief against Defendants CITY OF MARYSVILLE, MARYSVILLE POLICE DEPARTMENT, RICKY SAMAYOA, BRENT BORSDEN, COUNTY OF YUBA, YUBA COUNTY CODE ENFORCEMENT, and DOE 1 to 100.

WHEREFORE, Plaintiffs pray for relief as hereunder appears.

## THIRTEENTH CLAIM

### Bane Act

### (Cal. Civ. Code § 52.1(b))

124.   This Claim is asserted by Plaintiffs BRIGITTE BUTCHER, BILLY REID, JOLENE REID, SUSAN EXTEIN, STANLEY EXTEIN, MICHAEL ELLIOT, CRYSTAL MOTLEY, DICK VEIT, DENNIS OWENS, DERECK DEMPSEY, CARRIE ANTRAPP, WILBUR BARTHOLOMEW, and ANNETTE SKEEN, on behalf of themselves and all others similarly situated, against Defendants CITY OF MARYSVILLE, MARYSVILLE POLICE DEPARTMENT, RICKY SAMAYOA, BRENT BORSDEN, COUNTY OF YUBA, YUBA COUNTY CODE ENFORCEMENT, and DOE 1 to 100

Restrictions on the Right to Free Speech, to Peaceably Assemble, and to Petition

125.   Plaintiffs reallege and incorporate the allegations of the preceding paragraphs 1 to 57 and 88 to 93, to the extent relevant, as if fully set forth in this Claim.

126.   Defendants DOE 1 to 75, acting or purporting to act in the performance of their official duties and under color of state law, meaningfully interfered with Plaintiff BRIGITTE BUTCHER's free speech right to write, hear, possess, and read by unlawfully seizing and/or destroying books, papers, writing materials, and implements associated with free expression, with deliberate indifference and/or reckless disregard to rights secured by the First Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution and art. I, §§ 2 and 3 of the California Constitution.

26

127.    Defendants CITY OF MARYSVILLE, MARYSVILLE POLICE DEPARTMENT, RICKY SAMAYOA, BRENT BORSDEN, COUNTY OF YUBA, YUBA COUNTY CODE ENFORCEMENT, and DOE 76 to 100, acting under color of state law as policy-making authorities and through their employees and agents, maintained policies, practices, and/or customs of action and inaction resulting in and ratifying the violations of Plaintiffs' rights with deliberate indifference and/or reckless disregard to the First Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution and art. I, §§ 2 and 3 of the California Constitution.

Unreasonable Seizure

128.    Plaintiffs reallege and incorporate the allegations of the preceding paragraphs 1 to 51, 58 to 63, and 94 to 99, to the extent relevant, as if fully set forth in this Claim.

129.    Defendants DOE 1 to 75, acting or purporting to act in the performance of their official duties and under color of state law, meaningfully interfered with Plaintiffs' possessory interests, by unlawfully seizing and/or destroying their personal property and by consistently and forcibly relocating them under threat of punishment or penalty, with deliberate indifference and/or reckless disregard to rights secured by the Fourth Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution and art. I, § 13 of the California Constitution.

130.    Defendants CITY OF MARYSVILLE, MARYSVILLE POLICE DEPARTMENT, RICKY SAMAYOA, BRENT BORSDEN, COUNTY OF YUBA, YUBA COUNTY CODE ENFORCEMENT, and DOE 76 to 100, acting under color of state law as policy-making authorities and through their employees and agents, maintained policies, practices, and/or customs of action and inaction resulting in and ratifying the violations of Plaintiffs' rights with deliberate indifference and/or reckless disregard to the Fourth Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution and art. I, § 13 of the California Constitution.

Cruel and/or Unusual Punishment

131.    Plaintiffs reallege and incorporate the allegations of the preceding paragraphs 1 to 51, 64 to 69, and 100 to 105, to the extent relevant, as if fully set forth in this Claim.

132.    Defendants DOE 1 to 75, acting or purporting to act in the performance of their official duties and under color of state law, punished and penalized Plaintiffs by virtue of their status as homeless

27

1   persons in the absence of shelter or housing within the City of Marysville and County of Yuba, by

2   unlawfully seizing and/or destroying their personal property and by consistently and forcibly relocating

3   them under threat of punishment or penalty, with deliberate indifference and/or reckless disregard to

4   rights secured by the Eighth Amendment (as incorporated through the Fourteenth Amendment) of the

5   U.S. Constitution and art. I, § 17 of the California Constitution.

6       133.    Defendants CITY OF MARYSVILLE, MARYSVILLE POLICE DEPARTMENT,

7   RICKY SAMAYOA, BRENT BORSDEN, COUNTY OF YUBA, YUBA COUNTY CODE

8   ENFORCEMENT, and DOE 76 to 100, acting under color of state law as policy-making authorities and

9   through their employees and agents, maintained policies, practices, and/or customs of action and inaction

10  resulting in and ratifying the violations of Plaintiffs' rights with deliberate indifference and/or reckless

11  disregard to the Eighth Amendment (as incorporated through the Fourteenth Amendment) of the U.S.

12  Constitution and art. I, § 17 of the California Constitution.

13                                  Procedural Due Process

14      134.    Plaintiffs reallege and incorporate the allegations of the preceding paragraphs 1 to 51, 70

15  to 75, and 106 to 111, to the extent relevant, as if fully set forth in this Claim.

16      135.    Defendants DOE 1 to 75, acting or purporting to act in the performance of their official

17  duties and under color of state law, deprived Plaintiffs of liberty and property interests, without voluntary

18  consent or any form of due process, including notice, hearing, or means of challenging the action, by

19  unlawfully seizing and/or destroying their personal property and by consistently and forcibly relocating

20  them under threat of punishment or penalty, with deliberate indifference and/or reckless disregard to

21  rights secured by the Fourteenth Amendment of the U.S. Constitution and art. I, § 7(a) of the California

22  Constitution.

23      136.    Defendants CITY OF MARYSVILLE, MARYSVILLE POLICE DEPARTMENT,

24  RICKY SAMAYOA, BRENT BORSDEN, COUNTY OF YUBA, YUBA COUNTY CODE

25  ENFORCEMENT, and DOE 76 to 100, acting under color of state law as policy-making authorities and

26  through their employees and agents, maintained policies, practices, and/or customs of action and inaction

27  resulting in and ratifying the violations of Plaintiffs' rights with deliberate indifference and/or reckless

28  disregard to the Fourteenth Amendment of the U.S. Constitution and art. I, § 7(a) of the California

Constitution.

<u>Equal Protection</u>

137.    Plaintiffs reallege and incorporate the allegations of the preceding paragraphs 1 to 51, 76 to 81, and 112 to 117, to the extent relevant, as if fully set forth in this Claim.

138.    Defendants DOE 1 to 75, acting or purporting to act in the performance of their official duties and under color of state law, treated differently, singled-out, and targeted Plaintiffs based on an animus towards their membership in an historically-unpopular class of homeless persons without access to shelter or housing, and/or a desire to preserve the fiscal integrity of government funds, without a rational relationship to any legitimate state interest, by unlawfully seizing and/or destroying their personal property and by consistently and forcibly relocating them under threat of punishment or penalty, with deliberate indifference and/or reckless disregard to rights secured by the Fourteenth Amendment of the U.S. Constitution and art. I, § 7(a) of the California Constitution.

139.    Defendants CITY OF MARYSVILLE, MARYSVILLE POLICE DEPARTMENT, RICKY SAMAYOA, BRENT BORSDEN, COUNTY OF YUBA, YUBA COUNTY CODE ENFORCEMENT, and DOE 76 to 100, acting under color of state law as policy-making authorities and through their employees and agents, maintained policies, practices, and/or customs of action and inaction resulting in and ratifying the violations of Plaintiffs' rights with deliberate indifference and/or reckless disregard to the Fourteenth Amendment of the U.S. Constitution and art. I, § 7(a) of the California Constitution.

<u>State-Created Danger</u>

140.    Plaintiffs reallege and incorporate the allegations of the preceding paragraphs 1 to 51, 82 to 87, and 118 to 123, to the extent relevant, as if fully set forth in this Claim.

141.    Defendants DOE 1 to 75, acting or purporting to act in the performance of their official duties and under color of state law, affirmatively placed Plaintiffs in a position of danger by creating or exposing them to dangers which they would not have otherwise faced, by unlawfully seizing and/or destroying their personal property and by consistently and forcibly relocating them under threat of punishment or penalty, with deliberate indifference and/or reckless disregard to rights secured by the Fourteenth Amendment of the U.S. Constitution and art. I, § 7(a) of the California Constitution.

29

142.    Defendants CITY OF MARYSVILLE, MARYSVILLE POLICE DEPARTMENT, RICKY SAMAYOA, BRENT BORSDEN, COUNTY OF YUBA, YUBA COUNTY CODE ENFORCEMENT, and DOE 76 to 100, acting under color of state law as policy-making authorities and through their employees and agents, maintained policies, practices, and/or customs of action and inaction resulting in and ratifying the violations of Plaintiffs' rights with deliberate indifference and/or reckless disregard to the Fourteenth Amendment of the U.S. Constitution and art. I, § 7(a) of the California Constitution.

143.    As a direct and proximate result of Defendants' actions and inactions, Plaintiffs suffered injuries entitling them to receive statutory penalties and declaratory and injunctive relief against Defendants CITY OF MARYSVILLE, MARYSVILLE POLICE DEPARTMENT, RICKY SAMAYOA, BRENT BORSDEN, COUNTY OF YUBA, YUBA COUNTY CODE ENFORCEMENT, and DOE 1 to 100.

WHEREFORE, Plaintiffs pray for relief as hereunder appears.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs BRIGITTE BUTCHER, BILLY REID, JOLENE REID, SUSAN EXTEIN, STANLEY EXTEIN, MICHAEL ELLIOT, CRYSTAL MOTLEY, DICK VEIT, DENNIS OWENS, DERECK DEMPSEY, CARRIE ANTRAPP, WILBUR BARTHOLOMEW, and ANNETTE SKEEN, on behalf of themselves and all others similarly situated, seek Judgment as follows:

1.    For an award of compensatory, general, and special damages against Defendants CITY OF MARYSVILLE, MARYSVILLE POLICE DEPARTMENT, RICKY SAMAYOA, BRENT BORSDEN, COUNTY OF YUBA, YUBA COUNTY CODE ENFORCEMENT, and DOE 1 to 100, according to proof at trial;

2.    For an award of exemplary/punitive damages against RICKY SAMAYOA, BRENT BORSDEN, and DOE 1 to 100, in an amount sufficient to deter and to make an example of them, because their actions and inactions, as alleged, were motivated by evil motive or intent, involved reckless or callous indifference to constitutionally-protected rights, or were wantonly or oppressively done;

3.    For an award of declaratory relief, pursuant to 28 U.S.C. § 2201(a) and/or Cal. Code Civ. Proc. § 1060, and injunctive relief, pursuant to Fed. R. Civ. P. 65 and/or Cal. Code Civ. Proc. § 525 *et*

1  *seq.*, against Defendants CITY OF MARYSVILLE, MARYSVILLE POLICE DEPARTMENT, RICKY

2  SAMAYOA, BRENT BORSDEN, COUNTY OF YUBA, YUBA COUNTY CODE ENFORCEMENT,

3  and DOE 1 to 100, to declare the rights of Plaintiffs and enjoin Defendants from future violations of

4  rights;

5      4.      For an award of statutory penalties, pursuant to Cal. Civ. Code § 52.1 and any other

6  statute as may be applicable;

7      5.      For an award of reasonable attorneys' fees and costs, pursuant to 42 U.S.C. § 1988, Cal.

8  Civ. Code § 52.1, Cal. Code Civ. Proc. § 1021.5, and any other statute as may be applicable; and

9      6.      For an award of any other further relief, as the Court deems fair, just, and equitable.

10 Dated: March 14, 2019                    Respectfully Submitted,

11

12

13                                 By: _____

14                                     Mark E. Merin
                                       Paul H. Masuhara
15                                     LAW OFFICE OF MARK E. MERIN
                                       1010 F Street, Suite 300
16                                     Sacramento, California 95814
                                       Telephone:      (916) 443-6911
                                       Facsimile:      (916) 447-8336

17                                     Anthony D. Prince
18                                     LAW OFFICES OF ANTHONY D. PRINCE
                                         General Counsel, California Homeless Union
19                                     2425 Prince Street, Suite 100
                                       Berkeley, California 94705
20                                     Telephone:      (510) 301-1472

21                                     Attorneys for Plaintiffs
                                         BRIGITTE BUTCHER, BILLY REID,
22                                       JOLENE REID, SUSAN EXTEIN,
                                         STANLEY EXTEIN, MICHAEL ELLIOT,
23                                       CRYSTAL MOTLEY, DICK VEIT,
                                         DENNIS OWENS, DERECK DEMPSEY,
24                                       CARRIE ANTRAPP, WILBUR
                                         BARTHOLOMEW, and ANNETTE SKEEN
25

26

27

28

**FIRST AMENDED CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**
*Butcher v. City of Marysville*, United States District Court, Eastern District of California, Case No. 2:18-cv-02765-JAM-CKD

1

## JURY TRIAL DEMAND

2        A JURY TRIAL IS DEMANDED on behalf of Plaintiffs BRIGITTE BUTCHER, BILLY REID,

3   JOLENE REID, SUSAN EXTEIN, STANLEY EXTEIN, MICHAEL ELLIOT, CRYSTAL MOTLEY,

4   DICK VEIT, DENNIS OWENS, DERECK DEMPSEY, CARRIE ANTRAPP, WILBUR

5   BARTHOLOMEW, and ANNETTE SKEEN, on behalf of themselves and all others similarly situated.

6   Dated: March 14, 2019                    Respectfully Submitted,

7

8                                            By: _____

9                                                Mark E. Merin

10                                               Paul H. Masuhara
                                                 LAW OFFICE OF MARK E. MERIN
11                                               1010 F Street, Suite 300
                                                 Sacramento, California 95814
12                                               Telephone:      (916) 443-6911
                                                 Facsimile:      (916) 447-8336

13                                               Anthony D. Prince

14                                               LAW OFFICES OF ANTHONY D. PRINCE
                                                   General Counsel, California Homeless Union
15                                               2425 Prince Street, Suite 100
                                                 Berkeley, California 94705
16                                               Telephone:      (510) 301-1472

17                                                  Attorneys for Plaintiffs
                                                    BRIGITTE BUTCHER, BILLY REID,
18                                                  JOLENE REID, SUSAN EXTEIN,
                                                    STANLEY EXTEIN, MICHAEL ELLIOT,
19                                                  CRYSTAL MOTLEY, DICK VEIT,
                                                    DENNIS OWENS, DERECK DEMPSEY,
20                                                  CARRIE ANTRAPP, WILBUR
                                                    BARTHOLOMEW, and ANNETTE SKEEN

21

22

23

24

25

26

27

28

**FIRST AMENDED CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**
*Butcher v. City of Marysville*, United States District Court, Eastern District of California, Case No. 2:18-cv-02765-JAM-CKD