# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| BRIGITTE BUTCHER, BILLY REID, JOLENE REID, SUSAN EXTEIN, STANLEY EXTEIN, MICHAEL ELLIOT, CRYSTAL MOTLEY, DICK VEIT, DENNIS OWENS, DERECK DEMPSEY, CARRIE ANTRAPP, WILBUR BARTHOLOMEW, and ANNETTE SKEEN, on behalf of themselves and all other similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF MARYSVILLE, MARYSVILLE POLICE DEPATMENT, RICKY SAMAYOA, BRENT BORSDEN, COUNTY OF YUBA, YUBA COUNTY CODE ENFORCEMENT, and DOES 1 to 100,<br><br>Defendants. | Case No. 2:18-cv-02765-JAM-CKD<br><br>[~~PROPOSED~~] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT |

The Court hereby GRANTS Plaintiffs' Unopposed Application for Preliminary Approval of Class Action Settlement (the "Motion") and further makes the following specific findings and orders:

1. The Court finds that the Settlement Agreement, attached as Exhibit 1 to the Declaration of Mark E. Merin in support of the Motion is within the range of reasonableness to justify publishing and sending notice of the proposed settlement to potential class members as well as the scheduling of a Final Approval Hearing. Specifically, the Court finds that (1) the Settlement Agreement was the product of informed and non-collusive negotiations; (2) the Settlement Agreement has no obvious deficiencies; (3) the Settlement Agreement falls within the range of possible approval; and (4) the Class Notice

1

(Attachment 2) and Claim Form (Attachment 3) are, in all respects, fair, reasonable, adequate, and in compliance with all applicable requirements of Rule 23 of the Federal Rules of Civil Procedure, and the California and United States Constitutions.

2. The Court finds, subject to the Final Approval Hearing, that the proposed Settlement Class is appropriate for class certification for settlement purposes only, pursuant to Rule 23 of the Federal Rules of Civil Procedure. Specifically, the proposed Settlement Class satisfies the requirements of Rule 23(a) including (a) numerosity; (b) commonaliaty; (c) typicality; and (d) adequacy of representation.

3. The Court provisionally certifies the Action to proceed as a class action for settlement purposes only pursuant to Rule 23(e), with the Settlement Class defined as follows: All persons who lost property during the period from January 1, 2016, through and including March 1, 2017, related to homeless camp code enforcement removal efforts at any of the following homeless encampments: (1) Avondale, (2) Hollywood Trailer Park, (3) Upper Hollywood, (4) Shad Pad, (5) Horseshoe, (6) Boki Temple, and (7) Thorntree (aka "the Jungle").

4. The Court approves the Class Notice and Claim Form and further approves the method by which notice is proposed in the Settlement Agreement to be given to the Settlement Class. The Class Notice and Claim Form shall be distributed to the Class pursuant to the notice provisions in the Settlement Agreement.

5. The Court approves the procedure set forth in the Settlement Agreement and reflected in the Class Notice, with which Settlement Class Members must comply in order validly to object to the Settlement or to exclude themselves from the Settlement.

6. Any Settlement Class Member who did not elect to be excluded from the Settlement by submitting a Request to be Excluded by the Objection/Exclusion Deadline may, but need not, submit objections to the proposed Settlement by filing and serving an Objection to the Settlement by the Objection/Exclusion Deadline.

7. Any Settlement Class Member who did not elect to be excluded from the Settlement by submitting a Request to be Excluded by the Objection/Exclusion Deadline may, but need not, enter an appearance in this Action through his or her own attorney. Settlement Class Members who do not enter an appearance through their own attorneys will be represented by Class Counsel.

2

ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
*Butcher v. City of Marysville*, United States District Court, Eastern District of California, Case No. 2:18-cv-02765-JAM-CKD

8. The Court hereby appoints Plaintiffs as the Representative Plaintiffs of the Class for settlement purposes only, subject to Final Approval.

9. The Court hereby appoints Plaintiffs' Counsel to serve as Class Counsel for settlement purposes only, subject to Final Approval.

10. A Final Approval Hearing is scheduled to be held before this Court on September 15, 2020 at 1:30 PM [or another date approximately ninety (90) days following the Preliminary Approval] at 10:00 a.m. in Courtroom 2 (15th floor) of the Robert T. Matsui United States Courthouse, located at 501 I Street, Sacramento, California 95814, before the Honorable John A. Mendez, to consider the fairness, reasonableness, and adequacy of the proposed Settlement, the dismissal, with prejudice, of the Action against the City of Marysville, the Marysville Police Department, Ricky Samayoa, Brant Bordsen, County of Yuba, Yuba County Code Enforcement and Does 1 – 100, and the entry of an Order dismissing the defendants in the class action. Class Counsel's application for an award of attorneys' fees and costs shall be heard a the time of the Final Approval Hearing.

11. The date, time and location of the Final Approval Hearing shall be set forth in the Class Notice, but the Final Approval Hearing shall be subject to cancellation or continuation by the Court, including in the event the Court elects to decide the motion for Final Approval without a hearing, without further notice to the Class other than any notice that the Court may issue pursuant to its regular procedures.

12. Only Settlement Class Members who have filed and served timely Objections shall be entitled to be heard at the Final Approval Hearing. Any Settlement Class Member who does not timely file and serve an Objection to the Settlement shall be deemed to have waived any such objection by appeal, collateral attack, or otherwise.

13. All Settlement Class Members who do not seek to be excluded from the Settlement by submitting a Request for Exclusion by the Objection/Exclusion Deadline are enjoined from proceeding against the Settling Defendants, including their present or former elective and/or appointive boards, agents, servants, employees, consultants, departments, commissioners, attorneys, officials and officers, and all other individuals and entities, whether named or unnamed in the Action, as to the claims asserted in the Action.

3

ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
*Butcher v. City of Marysville*, United States District Court, Eastern District of California, Case No. 2:18-cv-02765-JAM-CKD

14. Notwithstanding anything herein to the contrary, the Court reserves decision on Final Approval of the Settlement pending the Final Approval Hearing, including consideration of any Objections to the Settlement, and also reserves decision on the final Fee and Expense Award, and the Incentive Fee.

15. This Action is hereby stayed pending Final Aproval, except for any activities set forth in the Settlement Agreement.

16. In the event the Settlement is not finally and fully approved through entry of the Order of Dismissal of the Action against Defendants which becomes final as of the Effective Date, and/or if the Settlement is not otherwise fully and finally consummated, pursuant to the terms of the Settlement Agreement, this order granting Preliminary Approval of the Settlement Agreement shall be deemed void *ab initio* and the Parties shall be deemed to have reserved all of their respective rights, legal positions and arguments as of the day before entry of this order granting Preliminary Approval, and the Parties may continue with any litigation, mediation or settlement that they choose.

IT IS SO ORDERED.

Dated: June 2, 2020

Hon. John A. Mendez
United States District Judge

4

ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
*Butcher v. City of Marysville*, United States District Court, Eastern District of California, Case No. 2:18-cv-02765-JAM-CKD