UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| BRIGITTE BUTCHER, BILLY REID, JOLENE REID, SUSAN EXTEIN, STANLEY EXTEIN, MICHAEL ELLIOT, CRYSTAL MOTLEY, DICK VEIT, DENNIS OWENS, DERECK DEMPSEY, CARRIE ANTRAPP, WILBUR BARTHOLOMEW, and ANNETTE SKEEN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF MARYSVILLE, MARYSVILLE POLICE DEPARTMENT, RICKY SAMAYOA, BRANT BORDSEN, COUNTY OF YUBA, YUBA COUNTY CODE ENFORCEMENT, and DOE 1 to 100,<br><br>Defendants. | Case No. 2:18-cv-02765-JAM-CKD<br><br>[~~PROPOSED~~] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT, FINAL JUDGMENT AND DISMISSAL WITH PREJUDICE |

This matter having come before the Court by application of Plaintiffs Brigitte Butcher, Billy Reid, Jolene Reid, Susan Extein, Stanley Extein, Michael Elliot, Crystal Motley, Dick Veit, Dennis Owens, Dereck Dempsey, Carrie Antrapp, Wilbur Bartholomew, and Annette Skeen ("Plaintiffs") for preliminary approval of the settlement between Plaintiffs and Defendants City of Marysville, Marysville Police Department, Ricky Samayoa, Brant Bordsen, County of Yuba, Yuba County Code Enforcement, and Doe 1 to 100, ("Defendants"), set forth in the Settlement ("Settlement Agreement" or "Settlement"); the Court having previously entered the Preliminary Approval Order: (1) preliminarily approving the Settlement; (2) provisionally certifying the Settlement Class; (3) approving the proposed form and

1

dissemination of Class Notice and Claim Form; and (4) setting a hearing for Final Approval of the Settlement (the "Preliminary Approval Order"); the Parties having now demonstrated compliance with the Preliminary Approval Order, and now requesting that the Settlement should be finally approved as fair, reasonable, and adequate; and good cause appearing therefore, the Court now makes the findings of fact and conclusions of law set forth in this Final Approval Order, Order of Dismissal, and Judgment ("Final Approval Order"), which constitutes a final adjudication of the above-captioned action on the merits, and

        HEREBY ORDERS, ADJUDGES AND DECREES THAT:

1. All of the definitions contained in the Settlement Agreement shall apply to this Final Approval Order and are incorporated by this reference as if fully set forth herein.

2. This Court has jurisdiction over the subject matter of this litigation and over all members of the Class and over those persons and entities undertaking affirmative obligations under the Settlement Agreement pursuant to paragraph 65 of the Settlement Agreement.

3. This Court hereby approves the Settlement set forth in this Final Approval Order and finds that the Settlement is, in all respects, fair, reasonable, adequate and in compliance with all applicable requirements Rule 23 of the Federal Rules of Civil Procedure, the California and United States Constitutions (including the Due Process Clause), and all other applicable laws, and in the best interests of the parties and the Settlement Class. Any objections have been considered and are hereby overruled, except as expressly set forth to the contrary herein. Accordingly, the Court directs the parties and their counsel to implement and consummate the Settlement in accordance with the terms and conditions of all portions of the Settlement Agreement.

4. Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, the Settlement Class, as defined in the Settlement Agreement and the Preliminary Approval Order, consists of all persons who lost property during the period from January 1, 2016, through and including March 1, 2017, related to homeless camp code enforcement removal efforts at any of the following homeless encampments: (1) Avondale, (2) Hollywood Trailer Park, (3) Upper Hollywood, (4) Shad Pad, (5) Horseshoe, (6) Boki Temple, and (7) Thorntree (aka "the Jungle"), but does not include those persons who timely request to be excluded pursuant to the provisions of this AGREEMENT.

2

ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT, FINAL JUDGMENT AND DISMISSAL WITH PREJUDICE
*Butcher v. City of Marysville*, United States District Court, Eastern District of California, Case No. 2:18-cv-02765-JAM-CKD

5. The Settlement Class, as previously provisionally certified, satisfies all the requirements contained in Rule 23(b)(3) of the Federal Rules of Civil Procedure, the California and United States Constitutions, and any other applicable law as more fully set forth in the Court's Preliminary Approval Order, which is incorporated into this Final Approval Order by this reference.

6. In total, no Class Members objected to the Settlement and two (2) Class Members requested exclusion from the Settlement. Except for the individual claims of those who duly requested exclusion from the Class (identified in "Exhibit A" [Opt-Outs] to this Final Approval Order), this Court hereby dismisses with prejudice—and with the same force and effect as if dismissed under Rule 41(b) of the Federal Rules of Civil Procedure—each and every Released Claim (as defined in paragraph 36 of the Settlement Agreement) against Defendants (as defined in paragraph 6 of the Settlement Agreement).

7. Plaintiffs and all Settlement Class Members, and their respective representatives, assigns, heirs, executors, administrators, and custodians, are hereby forever barred and enjoined from commencing, prosecuting or continuing, either directly or indirectly, against Defendants, including their present or former elective and/or appointive boards, agents, servants, employees, consultants, departments, commissioners, attorneys, officials and officers, and all other individuals and entities, whether named or unnamed in the Action, any and all individual, representative or class claims or any such lawsuit, action, arbitration, or other legal proceeding that they had or have related in any way to the Released Claims as defined in the Settlement Agreement.

8. The Class Notice given to the Class was the best notice practicable under the circumstances. Said Class Notice provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed settlement set forth in the Settlement Agreement, to all persons entitled to such notice and said notice fully satisfied the requirements of the Rule 23 of the Federal Rules of Civil Procedure, as well as the California and United States constitutions, including the requirement of due process.

9. The Claim Form provided to the Class to be used by those who lost property as a result of removal of homeless encampments during the class period at the locations specified in the Settlement Agreement was fair and reasonable and fully complied with the requirements of United States constitutions, including the requirement of due process.

3

ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT, FINAL JUDGMENT AND DISMISSAL WITH PREJUDICE
Butcher v. City of Marysville, United States District Court, Eastern District of California, Case No. 2:18-cv-02765-JAM-CKD

10.     Members of the Settlement Class who have submitted Claims for property they lost during the period from January 1, 2016, through and including March 1, 2017, related to homeless camp code enforcement removal efforts at any of the following homeless encampments: (1) Avondale, (2) Hollywood Trailer Park, (3) Upper Hollywood, (4) Shad Pad, (5) Horseshoe, (6) Boki Temple, and (7) Thorntree (aka "the Jungle"), and whose claims are approved, shall be entitled to share in the Settlement fund established by the Settlement Agreement.

11.     Within ten (10) days of the EFFECTIVE DATE, DEFENDANTS will deliver two checks (the County of Yuba shall pay Two-Hundred and Twenty-Seven Thousand and Two-Hundred Seventy-Two Dollars and Seventy-Three Cents ($227,272.73) (75.8%), and the City of Marysville shall pay Seventy-Two Thousand and Seven-Hundred and Twenty-Seven Dollars and Twenty-Seven Cents ($72,727.27) (24.2%), which shall total Three Hundred Thousand Dollars ($300,000), made payable to Law Office of Mark E. Merin, Client Trust Account, and delivered to the Law Office of Mark E. Merin, 1010 F Street, Suite 300, Sacramento, CA 95814. Within 10 days of receipt of DEFENDANTS' checks, CLASS COUNSEL shall deliver settlement checks to CLASS MEMBERS and to REPRESENTATIVE PLAINTIFFS using the method of delivery stated in the CLAIMS found to be compensable, either through first class mail if post office addresses have been stated, by delivery to a particular location if that is the delivery method requested, or by personal delivery if that method was specified. Checks to CLASS MEMBERS not cashed within six (6) months will be void and the funds donated to a non-profit corporation designated by a quorum of REPRESENTATIVE PLAINTIFFS, however, the selected non-profit organization cannot be one in which a REPRESENTATIVE PLAINTIFF or member of the SETTLEMENT CLASS has an ownership or economic interest, legal or equitable. Further, given there is a maximum compensable amount for claims ($2,500 for standard claims and $5,000 for substantial claims), any residuum leftover from the SETTLEMENT FUND after all CLAIMS have been assessed and either rejected or deemed COMPENSABLE and paid to the claimants, will also be donated to the non-profit corporation selected by the Representative Plaintiffs.

12.     Class Counsel are hereby awarded the sum of $75,000 in legal fees and costs, which sum the Court finds to be fair and reasonable in that the legal fees and costs represent 25% of the common fund created by this Settlement. The fee and expense amounts may be withdrawn by Class Counsel from

4

their Client Trust Account after receipt of the settlement checks from DEFENDANTS.

13. The Law Office of Mark E. Merin will handle the Claims Administration and perform the duties set out in the Settlement Agreement. At the conclusion of the distribution of settlement checks, The Law Office of Mark E. Merin will submit its itemized invoice for Settlement Administration services to DEFENDANTS' COUNSEL which bill, up to and including the sum of Thirty Thousand Dollars ($30,000), will be paid within 30 days by delivery of DEFENDANTS' separate checks to the Law Office of Mark E. Merin. Payment for Claims Administrator fees by the County Defendants and the City Defendants will be according to the percentages of their respective payments for the SETTLEMENT FUND (75.8% by the County and 24.2% by the City). DEFENDANTS shall not be responsible for any fees for settlement administration services above Thirty Thousand Dollars ($30,000). The Law Office of Mark E. Merin will bear any additional expenses.

14. Without affecting the finality of the Judgment in any way, this Court hereby retains Continuing Jurisdiction over: (a) implementation of this Settlement, pursuant to Rule 23 of the Federal Rules of Civil Procedure; (b) this action until the Judgment contemplated herein has become effective and each and every act agreed to be performed by the Parties has been performed; and (c) the Parties and all parties to the Settlement Agreement for the purpose of enforcing and administering the Settlement Agreement. Furthermore, neither Plaintiffs nor Defendants shall be barred from pursuing claims for breach of the Settlement Agreement before this Court.

15. In the event that the Settlement Agreement does not become effective in accordance with the terms of the Settlement Agreement, then this Final Approval Order shall be rendered null and void and be vacated and the Settlement Agreement and all orders entered in connection therewith shall be rendered null and void, the Class shall be decertified, and Plaintiffs' complaint shall be reinstated as it existed prior to the making of the Settlement Agreement. In that case, all communications, documents, filings, negotiations and other actions taken by the Parties to negotiate and pursue a settlement through the Settlement Agreement shall be considered confidential settlement communications which cannot be used in evidence by any Party against another Party.

16. Nothing in this Final Approval Order or the Settlement Agreement shall be construed as an admission or concession by any Party. Defendants have denied all of the Plaintiffs' allegations and

5

ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT, FINAL JUDGMENT AND DISMISSAL WITH PREJUDICE
*Butcher v. City of Marysville*, United States District Court, Eastern District of California, Case No. 2:18-cv-02765-JAM-CKD

1  continue to deny such allegations. Plaintiffs continue to believe their allegations have merit. The
2  Settlement Agreement and this resulting Final Approval Order represent a compromise of disputed
3  allegations.

4      17.    Except as expressly provided herein, all Parties are to bear their own costs.

5  IT IS SO ORDERED.

6  Dated: September 8, 2020

                                           John A. Mendez
                                           United States District Judge

# EXHIBIT A

1. Lori Leanne Patrick
2. Renee Pillow Lawrence

7

ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT, FINAL JUDGMENT AND DISMISSAL WITH PREJUDICE
*Butcher v. City of Marysville*, United States District Court, Eastern District of California, Case No. 2:18-cv-02765-JAM-CKD